GIRARDI & KEESE
THOMAS V. GIRARDI, State Bar No. 36603
tgirardi@girardikeese.com
NICHOLAS M. HUTCHINSON, State Bar No. 221870
nhutchinson@girardikeese.com
GRAHAM B. LIPPSMITH, State Bar No. 221984
glippsmith@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
(213) 977-0211 (Telephone) - (213) 481-1554 (Facsimile)

KEEGAN & BAKER, LLP
PATRICK N. KEEGAN, State Bar No.
pkeegan@keeganbaker.com
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
(858) 552-6750 (Telephone) - (858) 552-6749 (Facsimile)

Attorneys for Defendants THE SETAI GROUP LLC, JONATHAN BREENE and JOHN CONROY

# UNITED STATE DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 5TH AVENUE PARTNERS, LLC, STEVE REBEIL, an individual, and TOM BENJAMIN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> THE SETAI GROUP, LLC, JONATHAN BREENE, an individual, JOHN CONROY, an individual, and DOES 1-10, <br><br> Defendants. | Case No. 08-CV0118-BTM (BLM) <br><br> The Honorable Barry Ted Moskowitz <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO STAY CASE OR TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:   May 9, 2008 <br> Time:   11:00 a.m. <br> Dept.:   15 <br><br> <u>**No oral argument unless requested by Court**</u> |

0

**MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STAY CASE OR TRANSFER CASE TO SOUTHERN DISTRICT OF FLORIDA**

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on May 9, 2008 at 11:00 a.m. in Department 15 of the United States District Court for the Southern District of California located at 880 Front Street, San Diego, CA 92101, Defendants, SETAI GROUP, LLC, JONATHAN BREENE and JOHN CONROY (collectively "SETAI"), in accordance with the First-to-File Doctrine and pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1404(a) & 1406(a), will move this Court to dismiss Plaintiffs' First Amended Complaint for improper venue or, in the alternative, to stay case or transfer case to the United States District Court for the Southern District of Florida.

SETAI bases this motion on the Notice, Memorandum of Points and Authorities, Declaration of Graham B. LippSmith and any other additional documents or arguments SETAI may present before the Court's decision on this motion.

DATED:   March 24, 2008                        KEEGAN & BAKER, LLP
                                               GIRARDI | KEESE


                                       By:   s/    Patrick N. Keegan
                                               PATRICK N. KEEGAN
                                               THOMAS V. GIRARDI
                                               Attorneys for Defendants

1

**MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STAY CASE OR TRANSFER CASE TO SOUTHERN DISTRICT OF FLORIDA**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

In their First Amended Complaint ("FAC"), Plaintiffs failed to notify this Court that two months *before* 5th Avenue Partners, LLC, Steve Rebeil and Tom Benjamin (collectively "5th AVE") filed this case in the Southern District of California, SETAI was the first to file a lawsuit against 5th AVE in the United States District Court for the Southern District of Florida.  March 24, 2008 Declaration of Graham B. LippSmith in Support of Motion to Dismiss or, in the alternative, Transfer ("LippSmith Dec.") Exhibit 1.  On November 14, 2007, SETAI filed *Setai Group, LLC v. 5th Avenue Partners, LLC*, Case No. 07-22948-CIV-KING/GARBER in the Southern District of Florida ("Florida Case"), and 5TH AVE later filed this mirror image case here in the Southern District of California ("California Case") that concerns overlapping parties and issues.  *Compare* FAC *with* LippSmith Dec. Exhibit 1.  The Florida Case is still pending today because the Court has not yet ruled on 5TH AVE's motion to dismiss the Florida Case.  LippSmith Dec. Exhibit 2.

The Court should dismiss the California Case or, in the alternative, stay the California Case or transfer the California Case to the Southern District of Florida under the "well-established" first-filed rule.  *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990).  The first-filed rule provides that where two actions with "overlapping issues and parties" are pending in different courts, the court of the later-filed action should defer to the court where the case was first filed by dismissing, staying or transferring the later-filed suit.  *Apollo Enter. Solutions, LLC v. Debt Resolve, Inc.*, 2007 U.S. Dist. LEXIS 42910 (D. Cal. 2007) (*quoting Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)): "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."); *Hoover v. United States Dep't of Interior*, 611 F.2d 1132, 1136 (5th Cir. 1980).  Because SETAI's Florida Case has issues and parties that overlap with 5TH AVE's California Case, SETAI

respectfully requests that this Court defer to the Southern District of Florida by dismissing the First Amended Complaint or, in the alternative, staying the California Case or transferring the California Case to the Southern District of Florida.

## II.     APPLICABLE LAW

In *Manuel*, *supra*, 430 F.3d at 1135, the 11th Circuit provided that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."

To say that the first-filed rule is well-established in both the Ninth Circuit and California District Courts is an understatement—the Ninth Circuit and California District Courts have embraced the first-filed rule for decades, including most recently in *Apollo Enter. Solutions, LLC v. Debt Resolve, Inc.*, 2007 U.S. Dist. LEXIS 42910 (D. Cal. 2007). *E.g. Cedars-Sinai Medical Center v. Shalala,* 125 F.3d 765, 768-769 (9th Cir. 1997) (finding that under "first to file" rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss second case in interest of efficiency and judicial economy); *Alltrade, Inc. v. Uniweld Products,* 946 F.2d 622, 625, 628-29 (9th Cir.1991); *Pacesetter Sys. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir.1982); *Church of Scientology of California v. United States Department of the Army*, 611 F.2d 738, 749 (9th Cir. 1979) (noting that the first-filed rule "should not be disregarded lightly"); *U.S. v. One Oil Painting Entitled "Femme en Blanc" by Pablo Picasso*, 362 F.Supp.2d 1175 (C.D. Cal. 2005) (finding that the "first-to-file" rule allows District Courts to transfer, stay, or dismiss an action when a similar complaint has already been filed in another Federal Court); *Z-Line Designs, Inc. v. Bell'O Intern., LLC*, 218 F.R.D. 663 (N.D. Cal. 2003) (determining that the "first to file rule" allows District Courts to transfer, stay or dismiss an action when a similar complaint has been filed in another Federal Court); and *Barapind v. Reno*, 72 F.Supp.2d 1132 (E.D. Cal. 1999) (stating that the "first to file doctrine" of federal comity permits a District Court to

decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district).

The Ninth Circuit does not stand alone in its application of the first-filed rule. Numerous Circuit Courts of Appeals throughout the United States apply the first-filed rule to determine the proper venue for later-filed actions with overlapping issues and parties. *E.g. Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007); *Manuel*, *supra*, 430 F.3d at 1135; *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999); *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.,* 920 F.2d 487, 488 (8th Cir.1990); *First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76 (2nd Cir. 1989).

In *Sutter Corp. v. P &P Industries, Inc.*, 125 F.3d 914 (5th Cir. 1997), the Fifth Circuit explained the rationale behind the "first-to-file" rule:

> The District Court may dismiss an action where issues presented can be resolved in the earlier-filed action pending in another District Court. The "first-to-file" rule is a by-product of well-established axiom that Federal Courts long have recognized that principle of comity requires Federal District Courts-courts of coordinate jurisdiction and equal rank-to exercise care to avoid interference with each other's affairs; concern manifestly is to avoid waste of duplication, to avoid rulings which may trench upon authority of sister courts, and to avoid piecemeal resolution of issues that call for uniform result.

*Sutter Corp.*, *supra*, 125 F.3d at 917.

A party may base a Rule 12(b)(3) motion to dismiss, stay or transfer on the first-filed rule. *Century Furniture, LLC v. C & C Imps., Inc.*, 2007 U.S. Dist. LEXIS 68343, *3-5 (D.N.C. 2007) (transferring the second-filed case to the first-filed case upon Defendant's Federal Rule of Civil Procedure 12(b)(3) motion to dismiss under the first-filed rule); *Ptasynski v. Kinder Morgan G.P., Inc.*, 2006 U.S. Dist. LEXIS 34392 (D. Colo. 2006) ("the mechanism for remedying improper venue is a motion made in the first-filed action

pursuant to Rule 12(b)(3) or 28 U.S.C. § 1404, not the initiation of an identical action in the desired forum."); *Vanguard Products Group, Inc. v. Protex Intern. Corp.,* 2006 U.S. Dist. LEXIS 41079, *4-6 (N.D. Ill. 2006) (granting defendant's Federal Rule of Civil Procedure 12(B)(3) motion to dismiss asserting improper venue under the first-filed rule.).

## III. THE COURT SHOULD DISMISS, STAY OR TRANSFER THE CALIFORNIA CASE TO THE SOUTHERN DISTRICT OF FLORIDA

The first-filed Florida Case concerns both parties and issues that overlap with the parties and issues in the later-filed California Case—this is primarily because the two cases concern the same series of transactions and are simply mirror images of one another. *Compare* FAC *with* LippSmith Dec. Exhibit 1. Just as the Ninth Circuit, District Courts of California and numerous other Circuits have done for decades, this Court should apply the first-filed rule to dismiss the California Case or, in the alternative, stay the California Case or transfer the California Case to the Southern District of California. *Cedars-Sinai Medical Center*, *supra,* 125 F.3d at 768-769; FRCP Rule 12(b)(3); 28 U.S.C. §§ 1404(a) & 1406(a).

Setai Group, LLC, 5th Avenue Partners, LLC, Steven Rebeil and Tom Benjamin are named defendants in the Florida Case and named plaintiffs in the California Case. *Compare* FAC ¶¶ 4-11 *with* LippSmith Dec. Exhibit 1 ¶¶ 2-9. At the heart of both lawsuits are—at a minimum—the parties' negotiations, obligations, performance, responsibilities and liabilities under the terms of a May 23, 2007 letter of intent ("LOI") that SETAI and 5TH AVE executed to provide for a 90-day period to negotiate definitive agreements, including joint venture, branding, hotel management and other agreements to develop luxury hotels within United States. *Compare* FAC ¶¶ 12-54 *with* LippSmith Dec. Exhibit 1 ¶¶ 21-31. Both the Florida Case and California Case complaints include mirror image causes of action for: (1) Breach of the LOI; (2) Declaratory Relief as to the LOI; and (3) and Injunctive Relief. *Compare* FAC ¶¶ 55-61, 70-77 *with* LippSmith Dec. Exhibit 1 ¶¶ 46-52, 59-65. The claims that differ in each of the two cases fundamentally revolve around SETAI and 5TH AVE's business dealings leading to and after entering into the LOI.

Here, 5TH AVE cannot dispute that the Florida Case is the first-filed case, nor can 5TH AVE contest that the Florida Case overlaps in both parties and issues with this mirror image California Case. Because the Florida Case and California Case are "two actions involving overlapping issues and parties . . . pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel*, *supra*, 430 F.3d at 1135. Accordingly, the Court should dismiss the California Case or, in the alternative, stay the California Case or transfer the California Case to the Southern District of Florida. *Cedars-Sinai Medical Center*, *supra,* 125 F.3d at 768-769; FRCP Rule 12(b)(3); 28 U.S.C. §§ 1404(a) & 1406(a).

## IV.   CONCLUSION

Based upon the foregoing and any additional arguments the parties may make before the Court decides this motion, SETAI respectfully request that this Court apply the first-filed rule to dismiss the California Case or, in the alternative, stay the California Case or transfer the California Case to the Southern District of Florida.

DATED:   March 24, 2008                    KEEGAN & BAKER, LLP
                                           GIRARDI | KEESE


                                    By:   s/   Patrick N. Keegan
                                          PATRICK N. KEEGAN
                                          THOMAS V. GIRARDI
                                          Attorneys for Defendants

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1126 Wilshire Boulevard, Los Angeles, California 90017.

On March 24, 2008, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO STAY CASE OR TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

John Vogt
Jones Day
3 Park Plaza, Suite 1100
Irvine, California  92614-2592

[x]     (BY MAIL)

[x]     As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[x]     (BY ELECTRONIC SERVICE)

[x]     (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 24, 2008 at Los Angeles, California.

                                                s/     Graham B. LippSmith
                                                   GRAHAM B. LIPPSMITH

7

**MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STAY CASE OR TRANSFER CASE TO SOUTHERN DISTRICT OF FLORIDA**