GIRARDI & KEESE
THOMAS V. GIRARDI, State Bar No. 36603
tgirardi@girardikeese.com
GRAHAM B. LIPPSMITH, State Bar No. 221984
glippsmith@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
(213) 977-0211 (Telephone) - (213) 481-1554 (Facsimile)

Attorneys for Defendants THE SETAI GROUP LLC, JONATHAN BREENE and JOHN CONROY

# UNITED STATE DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| 5TH AVENUE PARTNERS, LLC, STEVE REBEIL, an individual, and TOM BENJAMIN, an individual, | Case No. 08-CV0118-BTM (BLM) |
|---|---|
| Plaintiffs, | The Honorable Barry Ted Moskowitz |
| v. | **DECLARATION OF GRAHAM B. LIPPSMITH IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO STAY CASE OR TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA** |
| THE SETAI GROUP, LLC, JONATHAN BREENE, an individual, JOHN CONROY, an individual, and DOES 1-10, | |
| Defendants. | |

Date:     May 9, 2008
Time:     11:00 a.m.
Dept.:    15

**No oral argument unless requested by Court**

## DECLARATION OF GRAHAM B. LIPPSMITH

I, GRAHAM B. LIPPSMITH, declare:

1.     I am a member in the law firm of Girardi & Keese. I am an attorney for the SETAI Defendants licensed to practice in the State of California and admitted to practice before this Court. I make this declaration in support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint or, in the Alternative, to Stay Case or Transfer Case to the United States District Court for the Southern District of Florida filed herewith. I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify accurately to their veracity.

2.     I attached hereto as Exhibit 1 a true and correct copy of the First Amended Complaint in *Setai Group, LLC v. 5th Avenue Partners, LLC*, Case No. 07-22948-CIV-KING/GARBER. This case is currently pending in the United States District Court for the Southern District of California.

3.     I attached hereto as Exhibit 2 a true and correct copy of the Civil Docked Report for *Setai Group, LLC v. 5th Avenue Partners, LLC*, Case No. 07-22948-CIV-KING/GARBER.

4.     As of today, the Southern District of Florida Court has yet to rule on the 5th Avenue Defendants' Motion to Dismiss that case.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 24, 2008, in Los Angeles, California.


_____
GRAHAM B. LIPPSMITH

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 07-22948 KING/GARBER

SETAI GROUP, LLC, a Foreign Limited
Liability Corporation, licensed to
conduct business in Florida,

       Plaintiff,

v.

5TH AVENUE PARTNERS, LLC
a Foreign Limited Liability Company,
STEVEN REBEIL, an individual,
THOMAS BENJAMIN, an individual,
TARA SOLOMON, INC. D/B/A
TARA, INK, a Florida Corporation,
YAMI ALVARADO, an individual,
ELLIOT STARES, an individual,
NICK D'ANNUNZIO, an individual
Jointly, individually and severally,

       Defendants.

_____/

## PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT FOR
## INJUNCTIVE RELIEF, DECLARATORY JUDGMENT AND DAMAGES

    Plaintiff SETAI GROUP, LLC (hereinafter "SETAI"), by and through undersigned

counsel, hereby files its FIRST AMENDED COMPLAINT[1]  against 5TH AVENUE

PARTNERS, LLC, a California Limited Liability Company, (hereinafter "5TH AVENUE"),

---

[1] Pursuant to Federal Rule of Civil Procedure 15, SETAI may file its First Amended Complaint
[without leave of Court] at any time before a responsive pleading is served.  No responsive
pleading has been filed in the above-styled action.  "A motion is not a pleading.  Rule 7(a) of the
Federal Rules of Civil Procedure specifies that "pleadings" include a complaint, an answer, an
reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party
answer." *See Riviera South Apartments, Inc. v. QBE Ins. Corp.,* 2007 WL 2506682 (S.D. Fla.)
(**Judge Cohn**) (citing *Morroni v. Gunderson,* 169 F.R.D. 168, 170 (M.D.Fla.1996)). *See also
Weiss v. PPG Industries, Inc.,* 148 F.R.D. 289, 292 (M.D.Fla.1993); *Inter-Tel, Inc. v. West Coast
Aircraft Engineering, Inc.,* 2005 WL 2431267 (M.D. Fla.); and *Mahon v. City of Largo, Fla.,*
829 F.Supp. 377 (M.D. Fla. 1993).

STEVEN    REBEIL    (hereinafter    "REBEIL"),    THOMAS    BENJAMIN    (hereinafter

"BENJAMIN"), (said Defendants collectively referred to as "The 5th Avenue Defendants"),

TARA SOLOMON, INC. D/B/A TARA, INK, a Florida Corporation (hereinafter "TARA"),

YAMI ALVARADO (hereinafter "ALVARADO"), ELLIOT STARES (hereinafter "STARES"),

and NICK D'ANNUNZIO (hereinafter "D'ANNUNZIO") (said Defendants collectively referred

to as "The TARA Defendants") and, states as follows:

## NATURE OF THE ACTION

1.      SETAI is a company in the business of developing luxury hotel condominiums

world wide. SETAI files this suit against 5TH AVENUE, and its principal owners, REBEIL and

BENJAMIN, and TARA, a public relations firm, and its authorized agents, YAMI AVARADO,

ELLIOT STARES and NICK D'ANNUNZIO (collectively referred to as "Defendants"). This is

an action for trade-name infringement under the Lanham Act, 15 U.S.C. § 1051, et seq.; and

dilution of a trade-name name under the Lanham Act, as set forth in 15 U.S.C. § 1125(c), arising

from Defendants' unauthorized use of SETAI'S registered trade-name. This action involves the

Defendants'    registration    of    the    domain    name(s)    "SETAISANDIEGO.COM",

"SETAISANFRANCISCO.COM",    and    "SETAILOSANGELES.COM",    the    Defendant(s)

effective franchising of the name "SETAI" to stranger(s) and even  registering the name,

"SETAILONDON.COM" in addition to Defendants' publication of the SETAI trade-name in at

least three separate press releases issued by TARA, under the signatures of Defendants,

STARES, ALVARADO and/or D'ANNUNZIO, who are press agent(s) of their principal(s),

Defendants, 5th AVENUE, REBEIL, and BENJAMIN. Defendants' registration and usage of

SETAI'S trade-name tarnishes and dilutes the SETAI'S goodwill and reputation. This action

further involves Defendants' breach of a letter of intent by issuing press releases without

Plaintiff's consent, representing themselves to have the license to the SETAI name and reputation. Plaintiff seeks injunctive relief and compensatory damages, and exemplary damages for the harm it has suffered as result of Defendants' unauthorized usage of Plaintiff's registered trade name under United States Federal Trade Name Law and as a result of Defendants' direct breach of the terms of a Letter of Intent, which itself provided no such rights and was an incomplete document. Plaintiff also seeks a temporary restraining order, and preliminary and permanent injunctive relief, and its attorney's fees and costs.

## PARTIES

2.      Plaintiff, SETAI, is a New York based development firm that specializes in ultra luxury residential and boutique hotels world wide. Most recently, SETAI has built a 40 story luxury condominium hotel in Miami, Florida named the SETAI Resort and Residences. SETAI Resort and Residences is a 5 star condominium hotel which has developed it's 'brand', which represents 'super-luxury' hotels condominiums, hospitality and amenities. SETAI registered its trademark name(s), "THE SETAI" and "SETAI GROUP, LLC" in the United States of America in 2001. SETAI has also registered its trademark name in countries such as Anguilla, Argentina, Aruba, Canada, China, Costa Rica, Croatia, Egypt, Europe, Fiji, Hong Kong, India, Israel, Jamaica, Jordan, Kenya, Macau, Mexico, Morocco, New Zealand, Paraguay, Thailand, Trinidad & Tobago, Turks & Caicos, United Arab Emirates, the **United Kingdom**, and Uruguay. SETAI also has pending its trade name pending in many other countries across the world.

3.      5th AVENUE PARTNERS, LLC is in the business of real estate development organized under the laws of the State of California, and frequently conducts business in the State of Florida.

4.      REBEIL is a resident of California, and frequently conducts business in the State

3

of Florida. REBEIL is a principal in 5TH AVENUE PARTNERS.

5.      BENJAMIN is resident of California, and frequently conducts business in the State of Florida. BENJAMIN is a principal in 5TH AVENUE PARTNERS.

6.      TARA is a public relations firm conducting business located in Miami Beach, Florida. At all times material herein, TARA was a direct agent, as public relations agent of Defendants 5TH AVENUE, REBEIL, and BENJAMIN. TARA'S address is 1666 Kennedy Causeway, Suite 703, Miami Beach, FL 33141.

7.      Upon information and belief, ALVARADO is a resident of Miami Dade County, Florida, and is employed by TARA in Miami Beach, Florida.

8.      Upon information and belief, STARES is a resident of Miami Dade County, Florida, and is employed by TARA in Miami Beach, Florida.

9.      Upon information and belief, D'ANNUNZIO is a resident of Miami Dade County, Florida, and is employed by TARA in Miami Beach, Florida.

**JURISDICTION AND VENUE**

10.     Subject Matter Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 [Federal Question] and 28 U.S.C. § 1338(a)[2] and (b).[3]   Subject Matter Jurisdiction over the state law claim(s) is invoked pursuant to 28 U.S.C. § 1367 [Supplemental Jurisdiction].   Personal Jurisdiction is proper in the Southern District of Florida pursuant to Florida's Long-Arm Statute Fla. Stat. § 48.193, specifically § 48.193(1)(b), and § 48.193(1)(g) and the Due Process Clause. The 5th Avenue Defendants sought to enter into a business relationship with SETAI in order to

---

[2] The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.

[3] The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.

4

develop the same brand manifested in the SETAI on Miami Beach, visited Miami Beach to view

the design, style, and décor of the SETAI brand, sent its designers and others to review the

SETAI brand in Miami Beach and meet with executives and principals of the SETAI on Miami

Beach, and regularly communicated with principals of the SETAI, who live and reside in Miami

Beach, while those principals were at the SETAI on Miami Beach. Moreover, as detailed herein,

the 5th Avenue Defendants engaged a public relations firm, Tara Ink, that is located in Miami,

Florida, and directed that firm to issue press releases that infringed on SETAI's trademarks.

Those press releases on their face demonstrate that they were issued from Miami by Tara Ink

employees who are located in Miami. Furthermore, given that the physical manifestation of the

SETAI's brand is in Miami Beach, the dilution of SETAI's mark and damage to its trademark

will affect its business interests in Miami Beach. Personal Jurisdiction is proper in the Southern

District of Florida pursuant to Florida's Long-Arm Statute Fla. Stat. § 48.193(1)(b) in that both

the 5th Avenue Defendants and their agent [the Tara Ink Defendants] committed tortious acts

within the state of Florida that are the subject of SETAI'S claims in this action. Personal

Jurisdiction is proper in the Southern District of Florida pursuant to Florida's Long-Arm Statute

Fla. Stat. § 48.193(1)(g) in that the 5th Avenue Defendants, with the cooperation and assistance

of their agent – the Tara Ink Defendants, breached a contract [the LOI] in the State of Florida by

failing to perform acts required by the contract to be performed in Florida. The Due Process

Clause also provides the Southern District of Florida with jurisdiction over Defendants in that

Defendants' minimum contacts are related to SETAI'S causes of action or have given rise to

them, involve acts by which Defendants purposefully availed themselves to this forum by

conducting activities within forum [thus invoking benefits and protections of its laws] and such

acts caused Defendants to reasonably anticipate being hailed into this forum. Also under the Due

Process Clause, the notion of "Fair Play and Substantial Justice" demands that personal jurisdiction be exercised over the Defendants in this case.

11.     Defendants have conducted business in the State of Florida by publishing its press releases in Miami-Dade County, Florida containing the "SETAI" registered trade-name, and advertisements for soliciting business on the internet, at SETAISANDIEGO.COM and through public relations agents 'press releases' promoting the name SETAI SAN DIEGO Hotel and Condominium thereby submitted the Defendants to the jurisdiction of this court and, thereby purposefully availing itself of the privilege of further acting in the State of Florida, subject to its domestic laws.  To demonstrate that the Defendants intended to misuse, and conversion of the SETAI trade-name, they further registered a website "SETAILONDON.COM", which in no reading of the LOI, could they make even a colorable claim. That conduct demonstrating an intentional misuse of the SETAI name, subjects the Defendants to exemplary damages, under the applicable Federal and State.

12.     Likewise, personal jurisdiction is proper because Defendants 5TH AVENUE, REBEIL, and BENJAMIN hired Defendant TARA, a public relations firm located in Miami, Florida, for the purpose of marketing and/or publicizing the SETAI San Diego project, and other projects in Western part of the United States, without notice or consent of SETAI.  On or about October 18, 2007, Defendants ALVARADO and STARES, employees of TARA, issued an unauthorized press release on the Defendants' behalf in direct violation of the explicit terms of the LOI, which required prior written consent to the publishing of any press release, by the Plaintiff.  The stated reason for the requirement of prior authorization was to allow the parties to complete the negotiation(s) and prepare the ultimate agreement(s) called for in the LOI. The LOI on its face set a time limitation for the completion of those negotiations, to wit 90 days. No

completed other called-for documents were ever agreed upon by the parties.  Accordingly, on its

face, the LOI is void by its own terms.

13.    Yet the Defendants published the press release which announced to the public that

5th AVENUE Partners and the SETAI plan to develop "THE SETAI SAN DIEGO", formerly

known as the Diegan.  Defendant BENJAMIN was in fact quoted in the press release stating,

*"We are introducing an unprecedented level of five-star service and design to the west coast.*

*By way of the The SETAI Miami's renowned reputation in the luxury hospitality industry.*

*The SETAI San Diego will sustain a consistent and unparalleled high-level of luxury and*

*decadence for the condo-hotel guest and resident."*  (a copy of the press release is attached

hereto as Exhibit "A").  In addition, on or about October 22, 2007, Defendant ALVARDO,

issued another press release at the explicit direction of Defendants 5th AVENUE, REBEIL, and

BENJAMIN, informing consumers that 5th AVENUE has today announced the appointment of

Craig Waterman as the General Manager of SETAI San Diego, the west coast's newest five star

luxury hotel, scheduled to open 2008, thereby further diluting Plaintiff's trade name.  (a copy of

the press release is attached hereto as Exhibit "B").  And even as recently as January 31, 2008,

D'ANNUNZIO, an employee and/or agent of TARA, issued another unauthorized press release

on behalf of Defendants 5th AVENUE, REBEIL, and BENJAMIN.   The press released

announced that *"Setai West, one of the west coast's leading hotel developers, announced today*

*the addition of two new locations to its luxury hotel group. The new locations include projects*

*planned for Mexico City and Hawaii. The new hotels will join the Setai West hotel group, which*

*will be announcing the highly anticipated opening of Setai San Diego this spring."* (a copy of the

press release is attached hereto as Exhibit "C").

14.    Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §

1391(b)(2).  As demonstrated herein, a substantial part of the events or omissions giving rise to

the claims occurred in the Southern District of Florida, and/or that a substantial part of property

that is the subject of the above-styled action is situated in the Southern District of Florida.  In

addition, the 5th Avenue Defendants' and the Tara Ink Defendants' infringement of SETAI'S

mark took place in the Southern District of Florida – thereby providing this District with proper

venue.[4]

## STATEMENT OF ADDITIONAL FACTS UPON WHICH ALL COUNTS ARE BASED

### SETAI'S *registered trade-name and goodwill and reputation*

15.    On or about November 13, 2001, SETAI'S trade-name, "THE SETAI", was

registered in the United States.  (a copy of the certificate of the registered trade-name is attached

hereto as Exhibit "D").  SETAI presently owns the trade-name "THE SETAI".  The registration

number is 2,506,974.

16.    On or about November 13, 2001, SETAI'S trade-name, "THE SETAI GROUP,

LLC", was registered in the United States.  (a copy of the certificate of the registered trademark

is attached hereto as Exhibit "E").  SETAI presently owns the trade-name "THE SETAI

GROUP, LLC".  The registration number is 2,506,966.

17.    Utilizing the SETAI trade-name, in or around 2002, SETAI commenced

construction of a 40 story super-luxury condominium hotel in Miami, Florida, named the SETAI

Resort and Condominium.  The SETAI, in Miami Beach was successfully completed in 2004.

The SETAI Resort and Condominium is a 5 star award winning hotel condominium.

---

[4] There is no venue selection clause in effect now or at the time this action was filed.  On August
21, 2007, the Letter of Intent ("LOI") and the venue selection clause within the LOI, [executed
by the parties] terminated by its own terms after the 90 day period for negotiation of definitive
agreements.  The venue selection clause did not survive the termination of the LOI, and as a
result, Plaintiff filed its initial Complaint in the Southern District of Florida [approximately three
(3) months later] on November 14, 2007.

18.    On or about May 18, 2005, SETAI'S trade-name, "THE SETAI GROUP, LLC"

and "THE SETAI", was filed in the United Kingdom. The registration number is 2392287.

19.    SETAI has extensively and continuously used its trade-names, "THE SETAI" and

"SETAI GROUP, LLC" in developing condominium hotels world wide since 2001. SETAI has

most recently built a 40 story luxury condominium hotel in Miami, Florida named the SETAI

Resort and Residences. The SETAI Resort and Residences in Miami is an award winning

condominium hotel. The SETAI name has been extensively and continually advertised and

promoted by SETAI world wide. Substantial amounts of time, effort, and money have been

expended since 2001 in ensuring that the general public associates such marks exclusively with

SETAI and its projects.

20.    The SETAI trademarks have been widely recognized world wide as a premier

luxury provider of residences and hotel services. SETAI has acquired an extraordinary degree of

consumer recognition in the minds of the relevant public and serve to uniquely identify products

and services provided by SETAI. SETAI is an invaluable asset of substantial and inestimable

worth.

### The *Letter of Intent*

21.    In or around the beginning of 2007, the principals of the SETAI were introduced

to gentleman(s) named STEVEN REBEIL and TOM BENJAMIN by their counsel,

GREENBERG TRAUIG, *as reputable businessmen*. The purpose of the introduction was to

assist SETAI in developing SETAI luxury condominium hotel(s) across the Western United

States.

22.    On or about May 23, 2007, a letter of intent was signed by the SETAI and the

Defendants named herein where the parties agreed to negotiate joint venture agreement(s)

between the parties for the purpose of development luxury hotels on the west coast of the United

States. It should be noted that the "letter of Intent" is unsupported by any consideration. On its

face, the LOI was for the purpose of negotiating further contractual agreements to implement its

intended purpose. No other implementing documents were ever agreed upon, by the parties. (a

copy of the letter of intent ("LOI") is attached hereto as Exhibit "F")

      23.     Prior to execution of the LOI, Defendant REBEIL and/or his counsel failed to

disclose certain material facts and/or events to the SETAI, which would have disqualified

REBEIL and/or any of his affiliates from entering into an agreement with the company, for any

operations which might entail a Nevada SETAI, with a casino, or any other project where a

casino license was required, including, but not limited to the United Kingdom, whether REBEIL

was a partner in that project, or not, including:

> (1)    In 1995, numerous lawsuits were filed against REBEIL and/or his associated companies for failing to pay subcontractors monies due. In fact, approximately seventy seven (77) complaints against REBEIL'S company were filed with the Nevada State Contractors Board;

> (2)    Further, in 1995, REBEIL was sued by Bryan and Dawn Hagen, REBEIL'S former partners in Gem Mesquite, over a venture to develop a casino in Mesquite, Nevada. REBEIL ultimately agreed to pay the Hagen's $5.8 million dollars, not including interest;

> (3)    **In 1997, Nevada regulators rejected REBEIL'S application for a gaming license after an investigation concluded that REBEIL had orchestrated a credit "scheme" involving REBEIL'S Gem Home business. The Nevada regulators deemed REBEIL to "lack good character, honesty, and integrity."**

> (4)    In 1997, REBEIL'S other casino project, The Reserve, was involved in lawsuit. In that case, REBEIL agreed to give up approximately $33 million in Ameristar Casino stock;

> (5)    In 2000, REBEIL and/or REBEIL'S company, 2TheMart, a publicly traded internet company, were sued by shareholders for securities fraud. Ultimately, REBEIL Company collapsed as a result of the shareholder lawsuit;

(6)    Also, in 2002, REBEIL were sued by Stanley Hanson, REBEIL'S former partner in the House of Blues project;

(7)    Around 2004, REBEIL were sued by REBEIL'S former girlfriend, who is the mother of REBEIL'S six year old son for past due child support payment; Shortly thereafter, Orange County officials maintained that REBEIL were not in compliance with a 2004 court order, and owe(d) more than $200,000 in back child support;

(8)    **Further, in 2004, REBEIL was indicted, and subsequently convicted of willfully filing a false income tax return. This fraud conviction itself would have disqualified REBEIL from having any ownership interest in a SETAI project, involving a casino (or even liquor license) in Nevada or California;**

(9)    **In 2005, REBEIL was sued by Larry Job, his former partner in Crossroads Retail Center, alleging that REBEIL attempted to sell the property without Mr. Job's knowledge. In that case, the Nevada Judge ordered REBEIL to turn over $150,000 REBEIL had already received. The Judge found that REBEIL failed to comply, held him in contempt of court, and issued a warrant for his arrest.**

24.    Had Plaintiff's known the facts afore-stated and the consequences of those facts, Plaintiffs would never had even considered signing the Letter of Intent, and the failure of Defendants to disclose this highly material information constituted an actionable fraud on Plaintiffs. Mr. REBEIL'S participation in any of the SETAI'S projects tends to dilute the character, quality, and value of SETAI'S goodwill and reputation due to REBEIL'S obvious legal and moral troubles, which were not properly disclosed, by REBEIL and/or his counsel prior to entering into a letter of intent SETAI.

### Defendants' *Infringement*

25.    On or about September 27, 2007, Defendants mis-used Plaintiff's famous trade-name when they registered the internet domain name(s), "SETAISANDIEGO.COM", SETAISANFRANCISCO.COM", "SETAILOSANGELES.COM" , "SETAILONDON.COM" through GoDaddy.com utilizing the SETAI brand and mark, for the purpose of publicizing and/or marketing a SETAI project, with no prior notice or approval, as required by the LOI. (a

11

copy of the registration of the domain name is attached hereto as Exhibit "G"). This use of the name SETAI in "SETAILONDON.COM" is not even based on a colorable claim, to right and demonstrates that the violation of trade-name was intentional, thereby subjecting the Defendants to exemplary damages, pursuant to law.

26.    As an express condition of registering a domain name, an applicant must represent and warrant that: (1) the applicant's statements are true; (2) the applicant has the right to use the requested domain name; (3) the use or registration of the domain name does not interfere with the rights of any third party in any jurisdiction with respect to trademark, service mark, trade name, company name, or any other intellectual property rights; and (4) the applicant is not seeking to use the domain name for any, unlawful purpose, including unfair competition.

27.    Defendants had no right whatsoever or were otherwise given prior written consent to register a domain name using the name SETAI to point to any SETAI website, on the internet.

28.    In    registering    the    domain    name(s)    SETAISANDIEGO.COM, SETAISANFRANCISCO.COM,  SETAILOSANGELES.COM, and  SETAILONDON.COM, Defendants falsely represented and warranted that Defendants had the right to register the domain name.

29.    Further, on or about October 15, 2007, Defendants ALVARDO, and STARES, employees of TARA, and as a direct agent, and at the explicit direction of Defendants 5TH AVENUE, REBEIL, and BENJAMIN, used Plaintiff's famous trade-name in commerce when it issued a second unauthorized press release in direct violation of the explicit terms of the LOI. The press release announced that 5th Avenue Partners announces the appointment of Craig Waterman as the General Manager of SETAI San Diego, the west coast's newest five star luxury hotel, scheduled to open in early 2008. (Exhibit "A")

30.    Moreover, on October 19, 2007, Defendants ALVARADO and STARES, employees and/or agents of TARA, which is the public relations agent at the explicit direction of Defendants 5TH AVENUE, REBEIL, and BENJAMIN, used Plaintiff's famous trade-name in commerce when it issued an unauthorized press release in direct violation of the explicit terms of the LOI. The press release announced to the public that 5th AVENUE Partners and the SETAI Group plan to develop "THE SETAI SAN DIEGO", formerly known as the Diegan. Defendant BENJAMIN was in fact quoted in the press release stating, "We are introducing an unprecedented level of five-star service and design to the west coast. *By way of the The SETAI Miami's renowned reputation in the luxury hospitality industry*. The SETAI San Diego will sustain a consistent and unparalleled high-level of luxury and decadence for the condo-hotel guest and resident." (Exhibit "B").

31.    And even as recently as January 31, 2008, after the initial complaint was filed, D'ANNUNZIO, an employee and/or agent of TARA, issued another unauthorized press release on behalf of the 5th AVENUE Defendants, in direct violation of the LOI. The press release announced that:

> Setai West, one of the west coast's leading hotel developers, announced today the addition of two new locations to its luxury hotel group. The new locations include projects planned for Mexico City and Hawaii. The new hotels will join the Setai West hotel group, which will be announcing the highly anticipated opening of Setai San Diego this spring.
>
> "The momentum of our property development program continues to grow stronger as we gear up for the opening of Setai San Diego," said Steve Rebeil, CEO of Setai West. "Since the beginning of the year, we have been in discussions to develop locations in Mexico City and Hawaii. We have an aggressive plan to expand our brand in new and existing western markets to give our guests more options to enjoy our personalized vacation experience worldwide."

> *Setai West is on target to open Setai San Diego this spring. The luxury hotel will be the first Setai hotel to open on the west coast. The 23-story Setai San Diego will also house a world-class restaurant; an uber-chic lobby bar; a cutting-edge 5,000-square-foot spa; ballroom with multi-function space; seven meeting rooms; 30-seat private screening room; professional-quality recording studio; state-of-the-art fitness center; 7,000-square-foot pool deck with pool bar and private cabanas. For more information, please call 619.515.3000 or visit www.setaisandiego.com*

(A copy of the entire unauthorized press release is attached hereto as Exhibit "C").

## FIRST CAUSE OF ACTION

### VIOLATION OF 15 U.S.C § 1125(c)(1)-Dilution of Famous Marks

### (Against All Defendants)

32.     The allegations set forth in paragraph 1 through 31 are incorporated by herein by this reference.

33.     The SETAI trade-name is a famous trade-names within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c).  The SETAI trade-name is inherently distinctive and has acquired distinctiveness.

34.     SETAI has extensively and exclusively used the trade-names "THE SETAI" and "SETAI GROUP, LLC" in commerce throughout the world in connection with the development of residential condominium hotels.

35.     Defendants 5TH AVENUE, REBEIL, and BENJAMIN'S unauthorized registration and     use     of     "SETAILONDON.COM",     "SETAISANDIEGO.COM", "SETAISANFRANCISCO.COM", and "SETAILOSANGELES.COM" dilutes the distinctive quality of, and tarnishes, SETAI'S goodwill and reputation in violation of 15 U.S.C. § 1125 (c)(1).

36.     Further, Defendants 5TH AVENUE, REBEIL, BENJAMIN, and TARA'S

14

unauthorized publication of the SETAI name in three separate press releases marketing THE

SETAI SAN DIEGO project, and other projects announced in Mexico City and Hawaii, dilutes

the distinctive qualify of, and tarnishes, SETAI'S goodwill and reputation in violation of 15

U.S.C. § 1125 (c)(1).

37.    Defendants' wrongful conduct constitutes an extreme threat of the distinctiveness

of SETAI'S marks that SETAI has expended great efforts to develop and maintain through its

strict control(s).

38.    The distinctive nature of the SETAI trade-name is of enormous value, and SETAI

is suffering and will continue to suffer irreparable harm, blurring, and dilution of SETAI marks if

Defendants' wrongful conduct is allowed to continue

39.    SETAI is being irreparably harmed by Defendants' unlawful actions, and SETAI

is entitled to a preliminary and permanent injunction prohibiting Defendants from using

SETAILONDON.COM,    SETAILOSANGELES.COM,    SETAISANDIEGO.COM,    or

SETAISANFRANCISCO.COM, or otherwise using the SETAI name relating to the

development of condominium hotels any where in the world. SETAI has no adequate remedy at

law that will compensate it for the continued and irreparable harm it will suffer if Defendants'

acts are allowed to continue.

40.    As a direct and proximate result of Defendants' conduct, SETAI has suffered

damages in an amount to be proved at trial. In addition, SETAI is entitled to its costs and

attorneys' fees.

41.    SETAI is entitled to a temporary, preliminary, and permanent injunction against

Defendants, as well as other remedies available under the Lanham Act, including, but not limited

to, compensatory damages; treble damages, disgorgement of profits, and costs and attorney's

fees.

  **WHEREFORE**, SETAI prays for judgment against Defendants as follows:

  (1) that Defendants, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants who receive actual notice of this court's order by personal service or otherwise, be temporarily, preliminarily, and permanently enjoined from:

  (a) using any SETAI trade-name or any variation of the word "SETAI" specifically including, but not limited to, any term that includes "SETAI" or a misspelling of SETAI in connection with the promotion, marketing, advertising, public relations, and/or operation or development of a SETAI condominium hotel, or such establishment using "SETAI" marketing strategy;

  (b) registering, maintaining registrations for, using, offering for sale, claiming ownership of, or in any way using the domain name "SETAILONDON.COM", "SETAILOSANGELES.COM" "SETAISANDIEGO.COM", SETAISANFRANCISCO.COM", or any other domain names that point to, link to, or use names, words, designations, or other symbols confusingly similar to SETAI'S trade-name name;

  (c) doing any other act or thing likely to induce the belief that any of the Defendants are in any way connected with, sponsored, affiliated, licensed, or endorsed by SETAI;

  (d) using any of the SETAI marks for goods or services, or on the internet, or as domain names, email addresses, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship, or affiliation or Defendants with SETAI;

  (e) that Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this court and serve upon SETAI within thirty days after service of the permanent injunction a

report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction.

(2)    That Defendants be ordered to disclose to the Court and to SETAI all other domain name registrations owned or registered by Defendants through any domain name registrar in order to permit the Court and SETAI to consider whether any such other registrations should be subject to other relief in this matter.

(3)    that SETAI recover its actual damages sustained as a result of Defendants' wrongful actions based upon the dilution of SETAI'S marks, in an amount to be determined at trial, under 15 U.S.C. § 1117(a);

(4)    that SETAI be awarded under 15 U.S.C. § 1117(a) enhanced damages, up to three times the amount found a actual damages for Defendants' trade-name infringement and false designations of origin, descriptions, and representations, in an amount to be determined at trial;

(5)    that Defendants be deemed liable for and ordered to reimburse SETAI for its reasonable attorneys' fees;

(6)    that SETAI be awarded exemplary damages for Defendants' willful and intentional acts;

(7)    that SETAI recover its costs of court; and

(8)    that SETAI recover such further relief to which it may be entitled.

### SECOND CAUSE OF ACTION

### FRAUD IN THE INDUCEMENT

### (Against Defendants, 5th AVENUE, REBEIL and BENJAMIN)

42.    The allegations set forth in paragraph 1 through 41 are incorporated by herein by this reference.

43.    Defendants 5th AVENUE, REBEIL and BENJAMIN knowingly, intentionally, purposefully, and wrongfully made false statements of material fact or concealed REBEIL'S previous legal troubles, including the items set forth in paragraph twenty-three (23) above.  More specifically, Defendant REBEIL failed to disclose certain material facts and/or events to the SETAI prior to entering into a *"letter of intent"* with the company that otherwise would have disqualified him and/or any of his affiliates from entering into an agreement with the Plaintiff (Exhibit "F").

44.    Defendants knew or should have known the representation(s) were false, and intended that the representation induce plaintiff to act on it.

45.    Plaintiff justifiably relied on Defendants' representation(s) to its detriment.

**WHEREFORE**, Plaintiff prays this Court to enter judgment against Defendants for compensatory damages, actual damages, consequential damages, rescission of the *letter of intent* between Plaintiff and Defendants REBEIL and BENJAMIN (Exhibit "F"), and costs, and such other relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION

### BREACH OF "CONTRACT"

### (Against Defendants 5th AVENUE, REBEIL, AND BENJAMIN)

46.    The allegations set forth in paragraph 1 through 45 are incorporated by herein by this reference.

47.    Plaintiff and Defendants 5th AVENUE, REBEIL, and BENJAMIN were parties to a written letter of intent.  (Exhibit "F").

48.    The *letter of intent* specifically provided for confidentiality.  Article 2. Confidentiality, provides that SETAI and SR/TB each agree that neither they nor any of their

18

respective officers, directors, affiliates, representatives, or advisors shall make any public announcement with respect to this Letter of Intent or the transactions contemplated hereby, or disclose the terms or existence of this Letter…" (Exhibit "F", ¶ 2, Confidentiality).

49.     On October 19, 2007, TARA, at the explicit direction of Defendants SR/TB, REBEIL, and/or BENJAMIN, without the express consent of Plaintiff, issued an unauthorized press release in direct violation of the explicit terms of the LOI (Exhibit "A").  The press release issued announced to the public that 5th AVENUE Partners and the SETAI Group plan to develop "THE SETAI SAN DIEGO", formerly known as the Diegan.  Defendant BENJAMIN was in fact quoted in the press release stating, "We are introducing an unprecedented level of five-star service and design to the west coast.  By way of the The SETAI Miami's renowned reputation in the luxury hospitality industry.  The SETAI San Diego will sustain a consistent and unparalleled high-level of luxury and decadence for the condo-hotel guest and resident."

50.     Defendants further breached the terms of the LOI on October 22, 2007, when Defendant ALVARDO, and employees of TARA, and as a direct agent, and at the explicit direction of Defendants 5TH AVENUE, REBEIL, and BENJAMIN, issued a second unauthorized press release in direct violation of the explicit terms of the LOI.   The press release announced that 5th Avenue Partners announces the appointment of Craig Waterman as the General Manager of SETAI San Diego, the west coast's newest five star luxury hotel, scheduled to open in early 2008.  (Exhibit "B").

51.     And even as recently as January 31, 2008, D'ANNUNZIO, also an employee of TARA, and at the explicit direction of Defendants 5TH AVENUE, REBEIL, and BENJAMIN, issued another unauthorized press release in direct violation of the LOI.  The press release announced to the general public that "Setai West, one of the west coast's leading hotel

developers, announced today the addition of two new locations to its luxury hotel group. The new locations include projects planned for Mexico City and Hawaii. The new hotels will join the Setai West hotel group, which will be announcing the highly anticipated opening of Setai San Diego this spring." (Exhibit "C")

52.    Defendants breached their contract with Plaintiff by issuing three (3) separate press releases without Plaintiff's prior written approval or consent and Plaintiff suffered damages as a result.

**WHEREFORE**, the PLAINTIFF prays that the Court award all actual damages, including but not limited to consequential damages sustained by the Plaintiff against Defendants named in this count, and award such costs and attorneys fees as are just and equitable.

### FOURTH CAUSE OF ACTION

### RESCISSION

### (Against Defendants 5th AVENUE, REBEIL, and BENJAMIN)

53.    The allegations set forth in paragraph 1 through 52 are incorporated by herein by this reference.

54.    Plaintiff and Defendants are real estate developers who met as a result of Plaintiff's interest in possibly forming a joint venture with a potential partner for the purpose of developing luxury condominium hotels across the western United States.

55.    On or about May 23, 2007, the parties entered into a ***letter of intent*** to develop luxury condominium hotels across the western U.S.  (Exhibit "F"). This letter of intent was incomplete as a contract on its face, and was not supported by any consideration.

56.    Defendants REBEIL and BENJAMIN knowingly, intentionally, purposefully, and wrongfully made false statements of material fact, and omission(s) of other material fact(s)

concerning REBEIL'S previous legal troubles, including the items set forth in paragraph twenty-three (23) above. More specifically, Defendant REBEIL failed to disclose certain material facts and/or events to the SETAI prior to entering into an agreement with the company that otherwise would have disqualified him and/or any of his affiliates from entering into an agreement with the Plaintiff (Exhibit "F").

57.     On or about October 18, 2007, Plaintiff, by and through its counsel, sent Defendants a letter informing them that they sought rescission of the "contract" as a result of Defendants' material misrepresentation(s). However, Defendants have refused to rescind, and or declare the LOI as void.

58.     Plaintiff has no adequate remedy at law other than rescission of the LOI.

**WHEREFORE**, the PLAINTIFF prays that the Court enter an Order rescinding the contract between Plaintiff and the Defendants named in this count, and award such costs and attorneys fees as are just and equitable.

**FIFTH CAUSE OF ACTION**

**DECLARATORY JUDGMENT**

**(Against Defendants 5th AVENUE, REBEIL, and BENJAMIN)**

59.     The allegations set forth in paragraph 1 through 58 are incorporated by herein by this reference.

60.     Plaintiff and Defendants are real estate developers who met as a result of Plaintiff's interest in possibly forming a joint venture with a potential partner for the purpose of developing luxury condominium hotels across the western United States.

61.     On or about May 23, 2007, the parties entered into a *letter of intent* to develop luxury condominium hotels across the western U.S.  (Exhibit "F"). This letter of intent was

incomplete as a contract on its face, and was not supported by any consideration.

62.    Defendants REBEIL and BENJAMIN knowingly, intentionally, purposefully, and wrongfully made false statements of material fact, and omission(s) of other material fact(s) concerning REBEIL'S previous legal troubles, including the items set forth in paragraph twenty-three (23) above. More specifically, Defendant REBEIL failed to disclose certain material facts and/or events to the SETAI prior to entering into an agreement with the company that otherwise would have disqualified him and/or any of his affiliates from entering into an agreement with the Plaintiff (Exhibit "F").

63.    On or about October 18, 2007, Plaintiff, by and through its counsel, sent Defendants a letter informing them that they sought rescission of the "contract" as a result of Defendants' material misrepresentation(s), as a result of the LOI's requirement that other necessary agreement(s) e negotiated within 90 days which did not occur and due to the total lack of consideration, in the LOI. However, Defendants have refused to rescind, and or declare the LOI as void.

64.    The Parties are unsure of their respective 'rights' under the LOI, and require a judicial Order that the LOI is void and unenforceable.

65.    Plaintiff has no adequate remedy, other than a Declaration by the Court that pursuant to its own terms, the LOI is void, or alternatively, that as a result of a failure of any consideration the LOI, is of no force and/or effect.

**WHEREFORE,** the PLAINTIFF prays that the Court enter an Order declaring the LOI to be a void and unenforceable document between Plaintiff and the Defendants named in this count, and award such costs and attorneys fees as are just and equitable.

**THE PLAINTIFF DEMANDS TRIAL BY JURY FOR ALL ISSUES SO TRIABLE**

Respectfully submitted,

By:     /s/ *Richard J. Burton, Esquire*
        Richard J. Burton, Esquire/ 179337
        /s/ *Peter J. Solnick, Esquire*
        Peter J. Solnick, Esquire/ 670006
        **THE BURTON FIRM**
        Attorney for Plaintiff
        2999 NE 191 Street, Suite 805
        Aventura, FL 33180
        (305)705-0888/(305)705-0008

By:     Herman J. Russomanno, Esquire/ 240346
        Robert J. Borrello, Esquire/ 764485
        **RUSSOMANNO & BORRELLO, P.A.**
        Museum Tower - Penthouse 2800
        150 West Flagler Street
        Miami, FL 33130
        (305) 373-2101/(305) 373-2103 (fax)

*Attorneys for Plaintiff, SETAI GROUP, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  Herman J. Russomanno

**VERIFICATION**

W. Ted Wright
Chief Executive Officer
SETAI GROUP, LLC

State of New York          )
County of                      )

    W. TED WRIGHT, under the penalty of perjury of the laws of the United States, states:

That he is the Chief Executive Officer of SETAI GROUP, LLC, a developer of luxury

condominium hotels worldwide; that he has read, is familiar with, and has personal knowledge of

the contents of the foregoing Verified Amended Complaint; and that to the best of his

knowledge, information, and believe the allegations thereof are true and correct.

    Executed this 27th day of February, 2008, in New York, New York.

Notary Public

ALESSANDRO PALAZZOLO
Notary Public, State of New York
No. 01PA6066214
Qualified in Richmond County
Commission Expires November 13, 20 09

# EXHIBIT A



**MEDIA CONTACT:**
Yami Alvarado/Elliott Stares
TARA, Ink.
305.864.3434, ext. 141/132
yami@taraink.com/elliott@taraink.com

# 5th Avenue Partners and The Setai Group To Operate The Setai San Diego

## The Setai Group expands to San Diego to establish the city's first five-star condo-hotel

**San Diego, CA (October 19, 2007)** – **5th Avenue Partners**, one of the west coast's leading developers, and **The Setai Group** today announces the official launch of **THE SETAI SAN DIEGO**, formerly known as The Diegan. The newly branded property, scheduled to open in early 2008, will be the first Setai hotel to open since the unveiling of the five–star award-winning Setai Miami in 2005

5th Avenue Partners along with The Setai Group, a New York-based development firm that specializes in luxury residential and boutique hotels, will operate The Setai San Diego - the first five-star luxury condo-hotel in the city, as the result of a groundbreaking east coast-west coast partnership considered to be the first of it's kind in the country.

"By selecting The Setai Group as our luxury hotel operator is what makes this project so special and unique on a global level. It is a testament of our company's strength to land this award-winning hotel group," says 5th Avenue Partners President, Tom Benjamin. "We are introducing an unprecedented level of five-star service and design to the west coast. By way of The Setai Miami's renowned reputation in the luxury hospitality industry, The Setai San Diego will sustain a consistent and unparalleled high-level of luxury and decadence for the condo-hotel guest and resident."

Although the Setai brand has set the benchmark for the ultimate in five-star opulence, it is also known for bringing more than just luxury. When The Setai Miami opened its doors in 2005 it attracted global attention. The Setai brand has since become a favorite among industry leaders like Karl Lagerfeld, Dominco Dolce and Stefano Gabanna of Dolce & Gabanna, as well as Hollywood's royalty, including Leonardo DiCaprio, Jay Z, Madonna, Beyonce, and Justin Timberlake. The west coast extension of the Setai brand is set to bring the same sophistication and star power to San Diego.

Located at 1047 Fifth Avenue in downtown San Diego, The Setai San Diego will offer 161 luxury rooms and suites and 24 penthouses ranging from 400 to 2,700-square-feet, at prices starting in the high $400,000s to $3.8 million. 5th Avenue Partners has brought in two of the nation's top design and architecture heavyweights to help create the ultimate in ambiance and sophistication. The **Rockwell Group**, headed by famed designer David Rockwell, has been charged with creating the overall hotel design and interior designer **Dodd Mitchell** has spearheaded the design of the hotel's chic restaurant and lounge bar.  The combination of talents from both teams will create San Diego's first over-the-top luxury condo-hotel.

The room amenities and design details are extensive. Residents and guests will sense a feeling of openness with 10-foot ceilings and two operable windows that will allow an instant connection to San Diego's perfect year-round climate; some units, as well, will feature balconies overlooking San Diego's famed Gaslamp Quarter. All units will have Brazilian Walnut wood floors and will be outfitted in Asian inspired contemporary furniture finished with quartered, figured Sapelli and Ebony woods in the bedroom suite. Bedrooms will be luxe with sumptuous bedding and draperies. Bathrooms will feature floor-to-ceiling stone walls finished in Jerusalem Bone, with teak vanities and limestone floors. State-of-the-art technological features will include flat-screen televisions, MP3 music systems, wireless Internet, one-touch access to 24-hour, private in-room dining and personalized concierge service to cater to any whim. Penthouses will feature breathtaking views with balconies, spacious floor plans and full Italian kitchens with designer appliances.

More...

EXHIBIT " B "

2/...

The 23-story Setai San Diego will also house a world-class restaurant; an uber-chic lobby bar; a cutting-edge 5,000-square-foot spa; ballroom with multi-function space; seven meeting rooms; 30-seat private screening room; professional-quality recording studio; state-of-the-art fitness center; 7,000-square-foot pool deck with pool bar and private cabanas. For more information, please call 619.702.6666 or visit www.setaisandiego.com.

-Ends-

About 5th Avenue Partners
Based in Newport Beach, California, 5th Avenue Partners is a strategic venture formed to develop, design, and build ultra-luxury condo-hotels in targeted markets throughout the nation. Numerous luxury condo projects are in the works, and announcements of future projects in other major metropolitan markets will follow. For more information, please call 949.717.2800.

About The Setai Group
The Setai Group is a New York-based development firm that specializes in ultra-luxury residential and boutique hotels in the Caribbean and U.S. In addition to the Setai Resort and Residences in Miami, the company has also developed the Vendome on Turtle Creek in Dallas. Current projects also include The Setai New York and two five-star luxury resorts with private villas in the Caribbean, with one on a private island in The Bahamas.

# EXHIBIT B

 



Kellysearch.com
Everything you need, nothing you don't
⦿ Product/Service    ◯ Company    Find it



SUBSCRIBE NOW
Print Edition ▶
Digital Edition ▶
FREE Newsletters ▶
Websites ▶

 

HOME

**Features**
Editorial Archives
Design Trends -
   sponsored by Cintas
Investment Outlook
Performance Data
Big Deals
HOTELS' Giants
Hot Openings
Product Source Guide
Events Calendar
Global Hoteliers Club
Construction Reports
   ...and Directories
Jobs (new window)
Service Strategies
Podcasts
Blogs
RSS

**Subscribe**
Print Edition
Digital Edition
Daily E-newsletter
Website

**Contact Us**
Subscription Services
Website Help Desk
Editorial Team
Electronic Media
Business/Sales
Reprint Services
Driving Directions

**About HOTELS**
HOTELS Magazine
Investment Outlook
Reed Business Information

**For Advertisers**
Media Kit/Editorial
   Calendar
BPA Circulation
Online Advertising Space
Direct Marketing Data Card
About DM2

Back to Document List

◆ LexisNexis·



HOTELS'
F&B Bites
FREE eNewsletter

Copyright 2007 Business Wire, Inc.

Business Wire

October 15, 2007 Monday 4:15 PM GMT

Business Editors; Travel & Hospitality Writers

394 words

**Setai San Diego Appoints General Manager;
Craig Waterman to Oversee Hotel Operations for San Diego's Leading Luxury Hospitality Brand**

SAN DIEGO

5thAvenue Partners has today announced the appointment of Craig Waterman as the General Manager of Setai San Diego, the west coast's newest five-star luxury hotel, scheduled to open in early 2008. Waterman offers a wealth of hospitality and hotel service industry experience, having spent the past 20 years managing four and five-diamond rated hotels and resorts.

His most recent position was General Manager at the Watercolor Inn & Resort in Santa Rosa Beach, Florida. Waterman served as the Resort Manager for the Wyndham Buttes Resort in Tempe, Arizona, as well as acting as Wyndham's West Coast Area Director of Food and Beverage, overseeing operations at 10 hotels. Waterman was also Resort Manager for The Boulder Resort & Golden Door Spa in Carefree, Arizona. Prior to that he was Restaurant Manager, Room Service Manager and Front Office Manager at The Phoenician in Scottsdale, Arizona and General Manager of The Shore Club in Miami, Florida.

As someone who considers himself to have the hotel industry running through his veins, Waterman will be upholding the five-star luxury standards of service quality the Setai brand is known for worldwide.

"Setai San Diego will bring an unprecedented level of chic to San Diego," Waterman said. "With our cutting-edge restaurant, lounge, spa, corporate meeting space and entertainment facilities under one roof, Setai San Diego offers a unique composition of the most crucial hotel services for the weekend jet setter as well as for the corporate executive with a hectic weekday meeting schedule. With an increasing trend in high-end luxury hotels across the country, Setai San Diego fills a void in the Southern California region by offering a level of style and comfort that will attract and resonate with travelers from all over the country."

Waterman will oversee day-to-day hotel operations at Setai San Diego. With his vast experience in everything from housekeeping to food and beverage and reservations, he will take a personalized hands-on approach to all aspects of the hotel's property management.

"I truly believe Setai San Diego will shape the future of the city's hospitality industry," Waterman adds. "No other brand in the region will deliver a finer service and guest experience."

CONTACT: TARA, Ink., Miami
Yami Alvarado/Stephanie Ulberal
305-864-3434, ext. 141/188
yami@tarainkl.com / stephanie@tarainkl.com http://www.businesswire.com

October 15, 2007

Back to Document List

Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Terms and Conditions    Privacy Policy

Copyright© 1999-2007 Reed Business Information, a division of Reed Elsevier Inc. Reed Business ® is a trademark of Reed Elsevier Inc.
The Reed Business logo and HOTELS are registered trademarks of Reed Elsevier Properties Inc. Used under license.
Privacy Policy | Contact the webmaster



DAYS INN
SAVE 10%
in
New England!

Request
Promo Code LRQ

Book Now

# Hotel Online
### News for the Hospitality Executive

goulston&storrs
counsellors at law

hospitality & recreation

advertisement

## Craig Waterman Appointed General Manager of Setai San Diego

SAN DIEGO - 5th Avenue Partners has today announced the appointment of Craig Waterman as the General Manager of Setai San Diego, the west coast's newest five-star luxury hotel, scheduled to open in early 2008. Waterman offers a wealth of hospitality and hotel service industry experience, having spent the past 20 years managing four and five-diamond rated hotels and resorts.

His most recent position was General Manager at the Watercolor Inn & Resort in Santa Rosa Beach, Florida. Waterman served as the Resort Manager for the Wyndham Buttes Resort in Tempe, Arizona, as well as acting as Wyndham's West Coast Area Director of Food and Beverage, overseeing operations at 10 hotels. Waterman was also Resort Manager for The Boulder Resort & Golden Door Spa in Carefree, Arizona. Prior to that he was Restaurant Manager, Room Service Manager and Front Office Manager at The Phoenician in Scottsdale, Arizona and General Manager of The Shore Club in Miami, Florida.

As someone who considers himself to have the hotel industry running through his veins, Waterman will be upholding the five-star luxury standards of service quality the Setai brand is known for worldwide.

"Setai San Diego will bring an unprecedented level of chic to San Diego," Waterman said. "With our cutting-edge restaurant, lounge, spa, corporate meeting space and entertainment facilities under one roof, Setai San Diego offers a unique composition of the most crucial hotel services for the weekend jet setter as well as for the corporate executive with a hectic weekday meeting schedule. With an increasing trend in high-end luxury hotels across the country, Setai San Diego fills a void in the Southern California region by offering a level of style and comfort that will attract and resonate with travelers from all over the country."

Waterman will oversee day-to-day hotel operations at Setai San Diego. With his vast experience in everything from housekeeping to food and beverage and reservations, he will take a personalized hands-on approach with all aspects of the hotel's property management.
"I truly believe Setai San Diego will shape the future of the city's hospitality industry," Waterman adds. "No other brand in the region will deliver a finer service and guest experience."

Contact:

Yami Alvarado
305-864-3434, ext. 141
yami@taraink.com


Also See:    Tarsadia Hotels and Hard Rock Hotels International Developing
420 room Hard Rock Hotel in the Gaslamp Quarter, San Diego;
All Rooms Being Offered as Condos / December 2005

**Miami Hotels Just $46**
Luxury Miami Hotels as low as $46. Compare & Save. Low
Price Guarantee
Miami.HotelsCorp.com

**Hotel Miami Beach**
Photos, Customer Ratings & Reviews. Save on Hotels in
Miami Beach, FL.
www.Expedia.com

**Top Hotels in South Beach**
Wholesale rates from experts on luxury hotels in South
Beach Miami.
www.SouthBeachLuxuryHotels.com

Ads by Google

To search Hotel Online data base of News and Trends Go to **Hotel.OnlineSearch**
Home | Welcome| Hospitality News | Classifieds| One-on-One |
Viewpoint Forum | Industry Resources | Press Releases
Please contact Hotel.Onlinewith your comments and suggestions.

# EXHIBIT C

Setai West Announces Expansion in Mexico City and Hawaii



Today's News

January 31, 2008 03:04 PM Eastern Time

## Setai West Announces Expansion in Mexico City and Hawaii

SAN DIEGO--(BUSINESS WIRE)--Setai West, one of the west coast's leading hotel developers, announced today the addition of two new locations to its luxury hotel group. The new locations include projects planned for Mexico City and Hawaii. The new hotels will join the Setai West hotel group, which will be announcing the highly anticipated opening of Setai San Diego this spring.

"The momentum of our property development program continues to grow stronger as we gear up for the opening of Setai San Diego," said Steve Rebeil, CEO of Setai West. "Since the beginning of the year, we have been in discussions to develop locations in Mexico City and Hawaii. We have an aggressive plan to expand our brand in new and existing western markets to give our guests more options to enjoy our personalized vacation experience worldwide."

Setai West is on target to open Setai San Diego this spring. The luxury hotel will be the first Setai hotel to open on the west coast. The 23-story Setai San Diego will also house a world-class restaurant; an uber-chic lobby bar; a cutting-edge 5,000-square-foot spa; ballroom with multi-function space; seven meeting rooms; 30-seat private screening room; professional-quality recording studio; state-of-the-art fitness center; 7,000-square-foot pool deck with pool bar and private cabanas. For more information, please call 619.515.3000 or visit www.setaisandiego.com.

### About Setai West

Setai West is a strategic venture formed to develop, design and build ultra-luxury hotels and condominiums in targeted markets throughout the west. Numerous luxury condo projects are in the works, and announcements of future projects in other major metropolitan markets will follow. For more information, please call 949.717.2800.

### Contacts

For Setai West
TARA, Ink.
Nick D'Annunzio, 305-864-3434, ext. 101
nick@taraink.com



# EXHIBIT D



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

March 27, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,506,974* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *November 13, 2001*

SAID RECORDS SHOW TITLE TO BE IN:
   *THE SETAI GROUP, LLC*
   *A LIMITED LIABILITY COMPANY OF NEW YORK*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer



EXHIBIT "C"

Int. Cls.: 36, 37 and 42

Prior U.S. Cls.: 100, 101, 102, 103 and 106

**United States Patent and Trademark Office**     Reg. No. 2,506,974
Registered Nov. 13, 2001

SERVICE MARK
PRINCIPAL REGISTER

## THE SETAI

METROPOLITAN DEVELOPMENT GROUP, LLC
(NEW YORK LIMITED LIABILITY COMPA-
NY)
392 FIFTH AVENUE
NEW YORK, NY 10018

  FOR: REAL ESTATE MANAGEMENT, IN CLASS
36 (U.S. CLS. 100, 101 AND 102).

  FIRST USE 5-30-2000; IN COMMERCE 5-30-2000.

  FOR: REAL ESTATE DEVELOPMENT AND CON-
STRUCTION, IN CLASS 37 (U.S. CLS. 100, 103 AND
106).

FIRST USE 5-30-2000; IN COMMERCE 5-30-2000.

  FOR: HOTEL AND RESORT SERVICES, IN CLASS
42 (U.S. CLS. 100 AND 101).

  FIRST USE 5-30-2000; IN COMMERCE 5-30-2000.

SER. NO. 76-211,473, FILED 2-16-2001.

SUSAN LESLIE DUBOIS, EXAMINING ATTORNEY

# EXHIBIT E



## THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

March 27, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,506,966 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *November 13, 2001*

SAID RECORDS SHOW TITLE TO BE IN:
   *THE SETAI GROUP, LLC*
   *A LIMITED LIABILITY COMPANY OF NEW YORK*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

M. K. CARTER
Certifying Officer



EXHIBIT "D"

Int. Cls.: 36, 37 and 42

Prior U.S. Cls.: 100, 101, 102, 103 and 106

## United States Patent and Trademark Office

Reg. No. 2,506,966
Registered Nov. 13, 2001

### SERVICE MARK
#### PRINCIPAL REGISTER

### THE SETAI GROUP

METROPOLITAN DEVELOPMENT GROUP, LLC (NEW YORK LIMITED LIABILITY COMPANY)
392 FIFTH AVENUE
NEW YORK, NY 10018

FOR: REAL ESTATE MANAGEMENT, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-30-2000; IN COMMERCE 5-30-2000.

FOR: REAL ESTATE DEVELOPMENT AND CONSTRUCTION, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 5-30-2000; IN COMMERCE 5-30-2000.

FOR: HOTEL AND RESORT SERVICES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 5-30-2000; IN COMMERCE 5-30-2000.

SER. NO. 76-210,977, FILED 2-16-2001.

SUSAN LESLIE DUBOIS, EXAMINING ATTORNEY

# EXHIBIT F

May 23, 2007

Mr. Jonathan Breene
Mr. John Conroy
The Setai Group LLC
The Chrysler Building
405 Lexington Avenue
54th Floor
New York, NY 10174

Re:    Letter of Intent – Setai West

Dear Jonathan and John:

This letter ("Letter") and the term sheet attached hereto as Exhibit A (the "Term Sheet") set forth the basis on which SR/TB Newco, or a subsidiary or affiliate thereof, the principals of which shall be Steve Rebell and Tom Benjamin ("SR/TB") is willing to enter into negotiations with the intention to agree on the following definitive agreements and such other agreements as may be later determined to be necessary and appropriate (the "Definitive Agreements"): (i) a joint venture agreement (the "JV Agreement") to form a joint venture, limited liability company, partnership or other mutually acceptable form of entity (the "JV"), by the name of "Setai West" or another name mutually agreed upon by the parties, with The Setai Group LLC, a New York limited liability company, or a subsidiary or affiliate thereof ("Setai") for the purpose of developing luxury hotels (individually "Project", collectively, "Projects") on the west coast of the United States of America, in Hawaii and in Mexico (the "Designated Area"), (ii) one or more branding rights agreements, license agreements or similar agreements ("Branding Agreements") to govern the use of the "Setai" brand ("Brand") by the JV in connection with the Projects, (iii) one or more hotel management agreements or similar agreements ("Hotel Management Agreements") to govern the management of the Projects by Setai on behalf of the JV, and (iv) one or more pre-opening and technical services agreements ("Pre-Opening and Technical Services Agreements") to govern the pre-opening services and functions to be performed by Setai in connection with the Projects on behalf of the JV. This Letter and the Term Sheet are referred to collectively herein as this "Letter of Intent."

1.    Binding Letter of Intent and Negotiation.

(a)    Negotiation Period. This Letter of Intent shall be binding on the parties. This Letter of Intent shall remain in effect from the date this Letter is countersigned and delivered by Setai (as set forth below) ("Effective Date") until (i) with respect to the JV Agreement, the execution and delivery of the JV Agreement, (ii) with respect to the Diegan BMA (as defined in Section 2 of the Term Sheet), the execution and delivery of the Diegan BMA, (iii) with respect to the Diegan POTSA (as defined in Section 2 of the Term Sheet), the execution and delivery of the Diegan POTSA, and (iv) with respect to the Diegan HMA (as defined in Section 2 of the Term Sheet), the execution and delivery of the Diegan HMA.

(b)    Negotiation of Definitive Agreements. During that period of time commencing on the Effective Date and expiring ninety (90) days thereafter (the "Negotiation Period"), the parties shall enter negotiations with the intention being to agree on and enter into the following Definitive Agreements listed in order of priority ("Initial Definitive Agreements"), which shall include the terms set forth in the Term Sheet and such other terms as agreed to by the parties that are consistent with this Letter of Intent:

1.    Diegan BMA
2.    Diegan POTSA
3.    JV Agreement
4.    Diegan HMA

Setai West
May 23, 2007
Page 2

(c)    Form of Definitive Agreements. As soon as reasonably practical following the execution of this Letter of Intent, SR/TB will provide Setai initial drafts of the Initial Definitive Agreements, incorporating the terms set forth in the Term Sheet.

2.    Confidentiality.

(a)    Setai and SR/TB each agree that neither they nor any of their respective officers, directors, affiliates, representatives, or advisors shall make any public announcement with respect to this Letter of Intent or the transactions contemplated hereby, or disclose the terms or existence of this Letter of Intent to any third party (other than to SR/TB's and Setai's respective advisors, representatives, and agents, on a need-to-know basis, for purposes of evaluating and negotiating the transactions contemplated by this Letter of Intent or as may be required by law, in which case, SR/TB and Setai shall consult with each other prior to such disclosure) without the prior written consent of SR/TB or Setai, as applicable. This Paragraph shall survive the termination of this Letter of Intent.

(b)    Setai and SR/TB shall cooperate to issue press releases in connection with the Diegan Project (as defined in Section 2 of the Term Sheet), the general manager of the Diegan Project, and that certain Project in Beverly Hills, California ("Press Releases") no later than three (3) business days after the Effective Date. SR/TB shall provide a copy of each of the proposed Press Releases to Setai for Setai's approval. Setai shall review such Press Releases within one (1) business day of Setai's receipt of such submission, provided however, if Setai shall fail to approve or reject any such submission within such one (1) business day period, SR/TB may send a second written notice along with a follow up telephone call and an e-mail to Setai. If Setai shall fail to reply within one (1) business day following Setai's receipt of the second notice, Setai's approval shall be deemed to have been given.

3.    Indemnification.

(a)    Setai shall indemnify and hold harmless SR/TB and its respective affiliates and their respective shareholders, trustees, partners, members, beneficiaries, directors, officers, managers, security holders, employees, agents and representatives, and the successors and assigns of each of the foregoing (the "SR/TB Indemnified Parties"), for, from and against any liability, damage, loss, cost or expense, including, without limitation, attorneys' fees and court costs, incurred by any of the SR/TB Indemnified Parties in any claim, lawsuit or other legal action or proceeding brought by any third party arising from or relating to the negotiation and execution of this Letter of Intent or the Initial Definitive Agreements. This Paragraph shall survive the termination of this Letter of Intent.

(b)    SR/TB shall indemnify and hold harmless Setai and its respective affiliates and their respective shareholders, trustees, partners, members, beneficiaries, directors, officers, managers, security holders, employees, agents and representatives, and the successors and assigns of each of the foregoing (the "Setai Indemnified Parties"), for, from and against any liability, damage, loss, cost or expense, including, without limitation, attorneys' fees and court costs, incurred by any of the Setai Indemnified Parties in any claim, lawsuit or other legal action or proceeding brought by any third party to the extent any such claim, lawsuit or other legal action or proceeding results from a breach by SR/TB of any agreement between SR/TB and such third party as a result of the negotiation and execution of this Letter of Intent or the Initial Definitive Agreements. This Paragraph shall survive the termination of this Letter of Intent.

4.    No Personal Liability. No shareholder, trustee, partner, member, beneficiary, director, officer, manager, security holder, employee, agent, representative or other person acting for or on behalf of Setai or SR/TB shall have any personal liability for any obligations entered into for or on behalf of

Setai West
May 23, 2007
Page 3

either such party, and the assets of any such person shall not be subject to any claims or actions relating to any obligations of Setai or SR/TB. This Paragraph shall survive the termination of this Letter of Intent.

     5.     <u>Governing Law</u>. This Letter of Intent shall be governed by the laws of the State of California, without giving effect to any principles regarding conflict of laws, but venue of all proceedings relating to this Letter of Intent shall be in the State of California.

     6.     <u>Binding Effect</u>. Setai and SR/TB acknowledge and agree that this Letter of Intent shall create a legally binding obligation on the parties to enter into the Initial Definitive Agreements. In addition, the obligations of Setai and SR/TB contained in Paragraphs 1(a), (d), 2, 3, 4, 5 and 6 this Letter of Intent shall be binding and enforceable on them.

     If Setai agrees to the terms set forth in this Letter of Intent, please have a duly authorized person countersign this Letter of Intent on behalf of Setai and return it to the undersigned at your earliest convenience.

     We look forward to working with you on this transaction.

Sincerely,

5/23/07

Steven Kebel

5/23/07

Thomas Benjamin

05/23/2007  14:02    2087279755                    JOHN CONROY                              PAGE  01
05/23/2007  16:49    13856729922                                                              PAGE  05/25

Setai West
May 23, 2007
Page 4

ACKNOWLEDGED, ACCEPTED AND AGREED BY:
THE SETAI GROUP, LLC, a New York limited liability company

By:
Name: John P. Conroy
Title: Member

Date: 5/23/07

WDQ 271430640V7 999911.599967

Setai West
May 23, 2007
Page 5

## EXHIBIT A

### JV AGREEMENT
Term Sheet

| 1. Members | Setai (50% ownership interest in the JV) and SR/TB (50% ownership interest in the JV). |
|---|---|
| 2. Negotiation Period | During the Negotiation Period: <br> • The parties will prepare the Business Plan and Budget that would set forth the intended development and funding strategy for the JV and for each Project the JV is currently undertaking (the "BP&B"). The BP&B would become the working plan for management and funding of the JV and the Projects. The BP&B would be updated on an annual basis by the Members, or more frequently if required. Any material variances from the approved BP&B would require the approval of both Members. <br> • The parties will prepare the following Initial Definitive Agreements: <br>     o the JV Agreement; <br>     o the Branding Agreement ("Diegan BMA") for that certain 185 unit condominium hotel property located at 1047 5th Avenue in San Diego, California, which shall be known as "Setai $_{San Diego}$" ("Diegan Project"), which is owned by 5th Avenue Partners, LLC, an affiliate of SR/TB ("5th Avenue Partners"); <br>     o the Hotel Management Agreement for the Diegan Project ("Diegan HMA"); and <br>     o the Pre-Opening and Technical Services Agreement for the Diegan Project ("Diegan POTSA"). |
| 3. Fees | The following fees will be earned by the JV, and through the JV shared equally (50% to Setai and 50% to SR/TB): <br><br> • branding fees pursuant to the Branding Agreements (but specifically excluding sales commissions earned for the sale of condominium units in the Diegan Project for which as of the earlier to occur (i) the commencement date of the JV Agreement, or (ii) the commencement date of the Diegan BMA, a contract of purchase and sale ("Existing Contract") has been signed by a purchaser (such condominium units being referred to as "Sold Units"). All other condominium units in the Diegan Project shall be referred to as "Available Units"; <br> • hotel management fees and incentive fees pursuant to the Hotel Management Agreements; <br> • technical services fees pursuant to the Technical Services Agreements; and <br> • development fees (excluding development fees for the Diegan Project which will be retained by 5th Avenue Partners). <br><br> Notwithstanding the foregoing, in the event that a third party brings a project to Setai which requires only branding and management, Setai shall receive one hundred percent (100%) of the branding fees. The hotel management fees (including incentive fees) and the technical services fees shall be shared equally |

Setai West
May 23, 2007
Page 6

| | through the JV (50% to Setai and 50% to SR/TB). |
|---|---|
| **4. Designated Area** | The JV will have the exclusive right to sell, market, develop or operate properties using the Brand within the west coast of the United States of America (as more specifically defined in the JV Agreement), in Hawaii and in Mexico (the "Designated Area"). Setai agrees that neither Setai, nor any of its affiliates or other related entities or persons, nor any shareholder, trustee, partner, member, director, officer, manager, employee, agent or representative, or any person acting for or on behalf of any of the foregoing persons or entities, shall be permitted to solicit, pursue, negotiate, work or consult with any other party with respect to hotel projects or any other resort development in the Designated Area, other than the Current Proposed Projects (as defined in this Section 4).<br><br>The parties acknowledge that Setai is currently in negotiations with third parties in connection with hotel projects in Palm Desert, Napa Valley, Cabos, Puerto Vallarta, Punta Mita, and Sayulita ("Current Proposed Projects"). In the event that Setai determines, in its sole discretion, to pursue any or all of the Current Proposed Projects ("Accepted Current Proposed Projects"), such Accepted Current Proposed Project shall become a project of the JV, be included in the definition of "Projects" in the JV Agreement, and thereafter proceed as a Project of the JV subject to terms and conditions substantially identical (but subject to variations relating to local law and the specific Project) to those terms and conditions of any other JV Project (as defined in Section 12 of this Term Sheet). |
| **5. Governing Board** | The Members shall formulate a governing board or committee ("Governing Board") containing at least three (3) members, comprised of (i) one representative of Setai, (ii) one representative of SR/TB, and (iii) one member mutually agreed upon by the parties. The sole purpose of the Governing Board shall be to review, analyze and accept or reject proposed Projects within the Designated Area ("Proposed Projects").<br><br>If a Proposed Project is presented to the Governing Board, the Governing Board shall approve or reject, with an explanation of the reasons for rejection, any such submission within ten (10) business days after receipt of a written submission of the Proposed Project. A Proposed Project which is accepted by the Governing Board shall be initially evidenced by a binding letter of intent in connection with the Proposed Project, and the negotiation of the Definitive Agreements in connection with the Proposed Project shall commence promptly thereafter. |
| **6. Proposal of Projects Outside of the Designated Area** | SR/TB shall have the right and option to (i) enter into mutually acceptable binding agreements with Setai for transactions to license the Brand outside of the Designated Area, and (ii) match, with a comparable opportunity (as determined by Setai in its sole discretion), any other project presented to Setai by any other party outside of the Designated Area. Such projects shall be referred to individually as a "Outside Proposed Project".<br><br>If an Outside Proposed Project is presented to Setai, Setai shall approve or reject, with an explanation of the reasons for rejection, any such submission within fifteen (15) business days after receipt of a written proposal for such Outside Proposed Project. An Outside Proposed Project which is accepted by Setai ("Accepted Project"), shall be evidenced by a binding letter of intent in |

Setai West
May 23, 2007
Page 7

| | |
|---|---|
| | connection with the Accepted Project, and the Accepted Project shall become a project of the JV, shall be included in the definition of "Projects" in the JV Agreement, and thereafter proceed as a Project of the JV subject to terms and conditions substantially identical (but subject to variations relating to local law and the specific Project) to those terms and conditions of any other JV Project (as defined in Section 12 of this Term Sheet). |
| **7. Current Outside Projects** | SR/TB acknowledges that Setai is currently involved in projects with the Brand in New York City, the Bahamas, and Costa Rica ("Current Outside Projects"). The JV shall have the right to purchase fifty percent (50%) of Setai's interest in the branding fees, hotel management fees, technical services fees, development fees, marketing fees, sales commissions (including new and re-sale), and any other fees related to the Current Outside Projects. SR/TB and Setai acknowledge that they intend to negotiate, diligently and in good faith, the terms and conditions for the exercise of the purchase right set forth in this Section 7, including, by way of example only and not as a limitation (i) the duration of the purchase right, (ii) the manner of exercise of the purchase right, and (iii) the methodology for the valuation of the interest to be acquired by SR/TB. |
| **8. Brand Standards** | The parties acknowledge that it is critical that Setai control the standards governing the Brand ("Brand Standards"). Therefore, Setai shall have fifty one percent (51%) voting rights and control over all decisions regarding the Brand Standards. |
| **9. Setai Fund I** | SR/TB shall create an equity fund for the purpose of developing the Projects, including Accepted Projects, Accepted Current Proposed Projects, if any, and Current Outside Projects, if any ("Setai Fund I"). SR/TB shall own and manage Setai Fund I and shall have sole responsibility for creating and maintaining Setai Fund I. Setai Fund I shall be separate and apart from the JV. A representative of Setai shall hold a position on the board of directors of the Setai Fund I. Any third party financing of Setai Fund I shall be non-recourse to the Members (other than standard non-recourse carve-outs for "bad boy" acts, and environmental indemnities if required). The Members intend to use a prudent amount of debt under commercially reasonable financing conditions to finance the Projects. |
| **10. Responsibilities** | The parties acknowledge that each party has unique and specialized skills to contribute to the JV. <br>• SR/TB shall contribute its expertise in hotel development. <br>• SR/TB shall contribute its ability to raise capital for the Projects through Setai Fund I. <br>• SR/TB shall contribute the following Projects: <br> • to Diegan Project; <br> • that certain project located at 8484 Wilshire Boulevard, Beverly Hills, California, which shall be known as "Setai Beverly Hills" ("Beverly Hills Project"); and |

Setai West
May 23, 2007
Page 8

| | |
|---|---|
| | • that certain project site located in San Francisco, California.<br>• Setai shall contribute the Brand and its expertise in design and management of luxury hotels.<br><br>All of the foregoing shall be more specifically set forth in the JV Agreement. |
| 11. Member Investment Rights | Except for Current Outside Projects, each of SR/TB and Setai shall have the right to invest equity on a para passu basis for any Project, including Accepted Projects. |
| 12. Sale or Initial Public Offering of Setai Worldwide Brand | In the event that the Setai Worldwide Brand is sold or is the subject of an initial public offering ("Setai Sale"), the Projects, Accepted Projects, the Current Outside Projects and Accepted Current Proposed Projects (collectively, "JV Projects"), shall receive a pro rata value on any such Setai Sale. The calculation of the JV's interest in the Setai Sale shall be based on a straight proportion of (i) the total gross revenue generated by the JV Projects, and (ii) the total corporate revenue created by the Setai Worldwide Brand. |
| 13. Diegan Project | The Diegan Project is scheduled to be completed by December 2007. The JV shall receive no development fees for the Diegan Project and the Diegan Project will continue to be owned by 5th Avenue Partners. |
| | Diegan BMA:<br><br>In connection with the Diegan Project the JV shall enter into a the Diegan BMA with 5th Avenue Partners on the following terms and conditions:<br><br>5th Avenue Partners shall pay to the JV as consideration for the use of the Brand and the JV's obligations under the Diegan BMA the following ("Brand Fees"):<br>• a base fee equal to two percent (2%) of any gross sales proceeds from the sale of each Available Unit ("Gross Sales Proceeds") up to a break point of $1,383 per square foot; plus<br>• five percent (5%) of any Gross Sales Proceeds in excess of $1,383 per square foot up to a break point of $1,483 per square foot; plus<br>• ten percent (10%) of any Gross Sales Proceeds in excess of $1,483 per square foot up to a break point of $1,583 per square foot; plus<br>• fifteen percent (15%) of any Gross Sales Proceeds in excess of $1,583 per square foot up to a break point of $1,683 per square foot; plus<br>• twenty percent (20%) of any Gross Sales Proceeds in excess of $1,683 per square foot up to a break point of $1,783 per square foot; plus<br>• twenty-five percent (25%) of any Gross Sales Proceeds in excess of $1,783 per square foot up to a break point of $1,883 per square foot; plus<br>• thirty percent (30%) of any Gross Sales Proceeds in excess of $1,883 per square foot up to a break point of $1,983 per square foot; plus<br>• thirty-five percent (35%) of any Gross Sales Proceeds in excess of $1,983, up to a break point of $2,083 per square foot; plus<br>• forty percent (40%) of any Gross Sales Proceeds in excess of $2,083 per square foot up to a break point of $2,183 per square foot; plus<br>• forty-five percent (45%) of any Gross Sales Proceeds in excess of |

Setai West
May 23, 2007
Page 9

> $2,183 up to a break point of $2,283 per square foot; plus
>
> - fifty percent (50%) of any Gross Sales Proceeds in excess of $2,283 per square foot.
>
> Setai expressly acknowledges that 5th Avenue Partners shall have no obligation to pay to the JV any Brand Fees or sales commissions in connection with Sold Units or Existing Contracts.
>
> **Diegan HMA:**
>
> 5th Avenue Partners shall pay to the JV the following fees as consideration for the JV's services, in the capacity of "Operator" under the Diegan HMA (collectively, "Management Fees"):
>
> (a)   a base fee (the "Base Fee") equal to four percent (4%) of Gross Operating Revenue (as defined pursuant those accounting principles, conventions, rules, procedures, and practices, consistently applied, affecting all aspects of recording and reporting financial transactions which are generally accepted and applied to the hospitality industry by major international independent accounting firms, and as more particularly defined in the Diegan HMA ("HMA Definition")) for each fiscal year of the term of the HMA ("Fiscal Year"); and
>
> (b)   an incentive fee (the "Incentive Fee") equal to fifteen percent (15%) of the difference between Gross Operating Profit (as defined in the HMA Definition) for each Fiscal Year and the Owner's Preferred Return (hereinafter defined).
>
>  ·  "Owner's Preferred Return" shall be applicable solely to the calculation of the Incentive Fee and shall mean, with respect to each Fiscal Year, an amount which is equal to the greater of (i) Four Million Five Hundred Thousand and 00/100 Dollars ($4,500,000), or (ii) that amount which is equal to fifteen percent (15%) of 5th Avenue Partners' then current equity investment in the Diegan Project ("Owner's Equity Investment").
>
> - For example, in the event that Owner's Equity Investment is $40,000,000, then Owner's Preferred Returned would be $6,000,000 ($40,000,000 multiplied by .15). In the event Gross Operating Profit for such Fiscal Year is $8,200,000, the Incentive Fee would be $330,000 ($8,200,000 - $6,000,000 multiplied by .15).
>
> - As a further example, in the event Owner's Equity Investment is $20,000,000, then Owner's Preferred Returned would be $4,500,000 because $4,500,000 is greater than $3,000,000 ($20,000,000 multiplied by .15). In the event Gross Operating Profit for such Fiscal Year is $8,2000,000, the Incentive Fee would be $555,000 ($8,200,000 - $4,500,000 multiplied by .15).

Setai West
May 23, 2007
Page 10

| 14. Beverly Hills Project | **Beverly Hills BMA:**<br><br>In connection with the Beverly Hills Project the JV shall enter into a BMA ("Beverly Hills BMA") with an affiliate of SR/TB ("Beverly Hills Owner") on the following terms and conditions:<br><br>Beverly Hills Owner shall pay to the JV as consideration for the use of the Brand and the JV's obligations under the Beverly Hills BMA the following ("Beverly Hills Brand Fees"):<br><br>• a base fee equal to two percent (2%) of any gross sales proceeds from the sale of each condominium unit at the Beverly Hills Project ("BH Gross Sales Proceeds") up to a break point to be reasonably determined by the parties ("Breakpoint"); plus<br>• five percent (5%) of any BH Gross Sales Proceeds in excess of the Breakpoint per square foot up to a break point of the Breakpoint + $100 per square foot, which percentage shall increase in equal increments of five percent (5%) each up to fifty percent (50%) for each $100 per square foot over the Breakpoint.<br><br>**Beverly Hills HMA:**<br><br>Beverly Hills Owner shall pay to the JV the following fees as consideration for the JV's services, in the capacity of "Operator" under the HMA for the Beverly Hills Project (collectively, "Beverly Hills Management Fees"):<br><br>(a)  a base fee (the "Beverly Hills Base Fee") equal to five percent (5%) of Gross Operating Revenue for each Fiscal Year; and<br><br>(b)  an incentive fee (the "Beverly Hills Incentive Fee") equal to ten percent (10%) of the difference between Gross Operating Profit for each Fiscal Year and the an owner's preferred return, the amount of which shall be mutually agree upon by the parties. |
| 15. Branding Fees and Marketing Fees for Other Projects | The parties hereby agree that the branding fees and the management fees for Projects other than the Diegan Project and the Beverly Hills Project shall be substantially similar to the Beverly Hills Brand Fees and Beverly Hills Management Fees, subject to variations relating to the specific Project as the parties shall mutually agree upon on a Project by Project basis. |
| 16. Governance | SR/TB and Setai would be Co-Managing Members of the JV.  Day to day activities would be delegated to a particular Member, as applicable. |

Setai West
May 23, 2007
Page 11

| 17. Major Decisions | Major decisions would require both Members' approval and would be agreed to during the Negotiation Period (collectively, "Major Decisions"). |
| --- | --- |
| 18. Dispute Resolutions | The JV Agreement shall contain mechanisms for dispute resolution and liquidity/exit. In the event of a Deadlock (as defined below), the JV Agreement shall permit either Member at any time to initiate a third-party sales process with a right of first offer in favor of the non-initiating Member. A "Deadlock" would be defined as an unresolved disagreement between the Members concerning a Major Decision. |
| 19. Right of First Offer | In the event of a Deadlock which cannot be resolved through the dispute resolution set forth above, either Member ("Triggering Member") would have the right to cause a sale of all the interests in the JV or all, or any material portion, of the JV's remaining assets subject to a right of first offer by the other Member ("Non-Triggering Member"). The Non-Triggering Member would have the right to make an offer to purchase the interests or assets (as the case may be) on an "AS IS", "WHERE IS" basis. If the Non-Triggering Member declines to make an offer, the Triggering Member would have the right to sell the interests or assets (as the case may be) to a third-party on behalf of the JV on terms and conditions acceptable to the Triggering Member. If the Non-Triggering Member elects to make an offer, the Triggering Member would have the right to accept the offer or to sell the interests or assets (as the case may be) to a third-party on behalf of the JV for a price greater than the price set forth in the offer by the Non-Triggering Member. Notwithstanding the foregoing, the parties hereby agree that Setai at all times shall have at least fifty one percent (51%) control over the Brand Standards. The terms and conditions of this provision shall be more thoroughly negotiated and shall be set forth in JV Agreement in a form acceptable to each party in its sole discretion. |
| 20. Legal Structure | To be mutually agreed by the Members during the Negotiation Period to maximize tax and operational benefits. Governing law, jurisdiction for disputes and venue would be agreed to during the Negotiation Period. |

# EXHIBIT G

Case 3:07-cv-22048-JLK · Document 36-3 Entered on FLSD Docket 01/02/2008 Page 12 of 13

 

DON'T JUST MAKE A WEBSITE, *MAKE AN IMPACT.*

## WHOIS RESULTS

     

**RESOURCES & SERVICES**

Do another WHOIS lookup   Backorder this name

**Access Your PC from Anywhere.**

**Is the domain name you want below?**
We'll help you find a great alternative. NEW!

 **Choose r.Protect** to hide the contact information below from public view





The data contained in GoDaddy.com, Inc.'s Whois database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy. This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of GoDaddy.com, Inc. By submitting an inquiry,
you agree to these terms of usage and limitations of warranty. In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam. You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field. In most cases, GoDaddy.com, Inc.
is not the registrant of domain names listed in this database.

Registrant:
joan newton
23 corporate plaza
suite 242
newport beach, California 92660

Case 1:07-cv-22948-JLK    Document 36-8    Entered on FLSD Docket 11/19/2008    Page 23 of 43

United States

Registered through: GoDaddy.com, Inc. (http://www.godaddy.com)
Domain Name: SETAILONDON.COM
Created on: 27-Sep-07
Expires on: 27-Sep-09
Last Updated on: 27-Sep-07

Administrative Contact:
newton, joan artworksj@aol.com
23 corporate plaza
suite 242
newport beach, California 92660
United States
9497172800 Fax --

Technical Contact:
newton, joan artworksj@aol.com
23 corporate plaza
suite 242
newport beach, California 92660
United States
9497172800 Fax --

Domain servers in listed order:
NS39.DOMAINCONTROL.COM
NS40.DOMAINCONTROL.COM



**NOTE:** Private Domain Registration is available for .com, .net, .org, .biz, .tv, .cc, .info and .mobi
domain names only.

# EXHIBIT 2

**U.S. District Court**
**Southern District of Florida (Miami)**
**CIVIL DOCKET FOR CASE #: 1:07-cv-22948-JLK**

Setai Group, LLC v. 5th Avenue Partners, LLC et al        Date Filed: 11/14/2007
Assigned to: Senior Judge James Lawrence King        Jury Demand: None
Cause: 15:1125 Trademark Infringement (Lanham Act)        Nature of Suit: 840 Trademark
                                                          Jurisdiction: Federal Question

### Plaintiff

**Setai Group, LLC**                    represented by    **Herman Joseph Russomanno**
*a Foreign Limited Liability*                             Russomano & Borello PA
*Corporation, licensed to conduct*                       150 W Flagler Street
*business in Florida*                                     Museum Tower Penthouse 2800
                                                         Miami, FL 33130
                                                         305-373-2101
                                                         Fax: 373-2103
                                                         Email:
                                                         hrussomanno@russomanno.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Peter J. Solnick**
                                                         Peter J Solnick PA
                                                         1634 Island Way
                                                         Weston, FL 33326
                                                         954-389-2515
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Richard Jay Burton**
                                                         Burton Firm (The)
                                                         2999 NE 191st Street
                                                         Suite 805
                                                         Miami, FL 33180
                                                         305-705-0888
                                                         Fax: 705-0008
                                                         Email: rb@burtons.net
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

### Defendant

**5th Avenue Partners, LLC**            represented by    **Jeffrey Bruce Crockett**

*a Foreign Limited Liability Company*

Coffey Burlington
Penthouse
2699 South Bayshore Drive
Miami, FL 33133
305-858-2900
Fax: 305-858-5261
Email:
jcrockett@coffeyburlington.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David John Zack**
Coffey Burlington
2699 S Bayshore Drive
Penthouse
Miami, FL 33133
305-858-2900
Fax: 305-858-5261
Email: dzack@coffeyburlington.com
*ATTORNEY TO BE NOTICED*

**John A. Vogt**
Jones Day
3 Park Plaza
Suite 1100
Irvine, CA 92614
US
949-851-3939
Fax: 949-853-7539
Email: javogt@jonesday.com
*ATTORNEY TO BE NOTICED*

**Stephen M. Silver**
Jones Day
3 Park Plaza
Suite 1100
Irvine, CA 92614
US
949-851-3939
Fax: 949-853-7539
Email: smsilver@jonesday.com
*TERMINATED: 01/29/2008*
*ATTORNEY TO BE NOTICED*

**Thomas R. Malcolm**
Jones Day

3 Park Plaza
Suite 1100
Irvine, CA 92614
US
949-851-3939
Fax: 949-853-7539
Email: trmalcolm@jonesday.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steven Rebeil**                              represented by   **Jeffrey Bruce Crockett**
*an individual*                                                (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **David John Zack**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **John A. Vogt**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Stephen M. Silver**
                                                               (See above for address)
                                                               *TERMINATED: 01/29/2008*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Thomas R. Malcolm**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas Benjamin**                            represented by   **Jeffrey Bruce Crockett**
*an individual*                                                (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **David John Zack**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **John A. Vogt**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Stephen M. Silver**
(See above for address)
*TERMINATED: 01/29/2008*
*ATTORNEY TO BE NOTICED*

**Thomas R. Malcolm**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tara Solomon, Inc.**
*a Florida Corporation*
*doing business as*
Tara, Ink

represented by **Edward Maurice Mullins**
Astigarraga Davis Mullins &
Grossman
701 Brickell Avenue
16th Floor
Miami, FL 33131-2847
305-372-8282
Fax: 372-8202
Email: emullins@astidavis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ava Janine Borrasso**
Astigarraga Davis
701 Brickell Avenue
16th Floor
Miami, FL 33131
305-372-8282
Fax: 305-372-8202
Email: aborrasso@astidavis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yami Alvarado**
*an individual*

represented by **Edward Maurice Mullins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ava Janine Borrasso**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Elliot Stares**
*an individual Jointly, individually*
*and severally*

**Defendant**

**Nick D'Annunzio**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/14/2007 | <u>1</u> | COMPLAINT against all defendants Filing fee $ 350. Receipt#: 969817, filed by Setai Group, LLC.(dj) (Entered: 11/14/2007) |
| 11/14/2007 | <u>2</u> | Summons Issued as to Yami Alvarado, Elliot Stares, 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin, Tara Solomon, Inc.. (dj) (Entered: 11/14/2007) |
| 11/26/2007 | <u>3</u> | MOTION to Dismiss for Lack of Jurisdiction <u>1</u> Complaint, <u>2</u> Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California* by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. Responses due by 12/10/2007 (Zack, David) (Entered: 11/26/2007) |
| 11/26/2007 | <u>4</u> | MEMORANDUM OF LAW *in Support of Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer this Action to the Central District of California* by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. (Attachments: # <u>1</u> Exhibit A - Declaration of Steve Rebeil Part 1# <u>2</u> Exhibit A - Declaration of Steve Rebeil Part 2# <u>3</u> Exhibit B - Declaration of Thomas Benjamin)(Zack, David) Modified on 11/27/2007 (tp). See document number [6] for corrected entry (Entered: 11/26/2007) |
| 11/26/2007 | <u>5</u> | Corporate Disclosure Statement by 5th Avenue Partners, LLC. (Zack, David) (Entered: 11/26/2007) |
| 11/26/2007 | 6 | MEMORANDUM in Support re <u>3</u> MOTION to Dismiss for Lack of Jurisdiction <u>1</u> Complaint, <u>2</u> Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California* filed by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. See document number <u>4</u> for image (tp) (Entered: 11/27/2007) |
| 11/27/2007 | 7 | NOTICE of Docket Correction and Instruction to Filer: re <u>4</u> Memorandum of Law, filed by Thomas Benjamin,, 5th Avenue Partners, LLC,, Steven Rebeil, Error: Wrong Event Selected; Correction=Redocketed as Memorandum of Law in Support. Instruction to Filer=In the future please select the proper Event found under "Responses and Replies" Memorandum in Support event provides linkage to motion without texting. See document number [6] for corrected entry (tp) (Entered: 11/27/2007) |

| 11/27/2007 | <u>8</u> | NOTICE of Attorney Appearance by Herman Joseph Russomanno on behalf of Setai Group, LLC (Russomanno, Herman) (Entered: 11/27/2007) |
|---|---|---|
| 12/04/2007 | <u>9</u> | NOTICE of Attorney Appearance by Edward Maurice Mullins on behalf of Yami Alvarado, Tara Solomon, Inc. (Mullins, Edward) (Entered: 12/04/2007) |
| 12/04/2007 | <u>10</u> | MOTION for Extension of Time to File Answer by Yami Alvarado, Tara Solomon, Inc.. (Attachments: # <u>1</u> Text of Proposed Order)(Mullins, Edward) (Entered: 12/04/2007) |
| 12/05/2007 | <u>11</u> | NOTICE by Yami Alvarado, Tara Solomon, Inc. *of Filing Amended Certificate of Consultation on Motion for Enlargement* (Borrasso, Ava) (Entered: 12/05/2007) |
| 12/05/2007 | <u>12</u> | ORDER granting <u>10</u> Motion for Extension of Time to Answer re <u>10</u> MOTION for Extension of Time to File Answer Yami Alvarado response due 12/21/2007; Tara Solomon, Inc. response due 12/21/2007. Signed by Judge James Lawrence King on 12/5/2007. (jw) (Entered: 12/05/2007) |
| 12/07/2007 | <u>13</u> | Unopposed MOTION for Extension of Time to File Response as to <u>3</u> MOTION to Dismiss for Lack of Jurisdiction <u>1</u> Complaint, <u>2</u> Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California* by Setai Group, LLC. (Attachments: # <u>1</u> Text of Proposed Order)(Russomanno, Herman) (Entered: 12/07/2007) |
| 12/07/2007 | <u>14</u> | NOTICE by Setai Group, LLC re <u>13</u> Unopposed MOTION for Extension of Time to File Response as to <u>3</u> MOTION to Dismiss for Lack of Jurisdiction <u>1</u> Complaint, <u>2</u> Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California* (Russomanno, Herman) (Entered: 12/07/2007) |
| 12/12/2007 | <u>15</u> | ORDER granting <u>13</u> Unopposed Motion for Extension of Time to Respond re <u>3</u> MOTION to Dismiss for Lack of Jurisdiction <u>1</u> Complaint, <u>2</u> Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California. Responses due by 12/21/2007.Signed by Judge James Lawrence King on 12/11/07. (lk) (Entered: 12/12/2007)* |
| 12/21/2007 | <u>16</u> | MOTION to Dismiss <u>1</u> Complaint *and Joinder in Memorandum in Support of Dismissal Filed by Co-Defendants* by Yami Alvarado, Tara Solomon, Inc.. Responses due by 1/8/2008 (Borrasso, Ava) (Entered: 12/21/2007) |
| 12/21/2007 | <u>17</u> | MOTION for Extension of Time to File Reply as to <u>3</u> MOTION to Dismiss for Lack of Jurisdiction <u>1</u> Complaint, <u>2</u> Summons Issued *and* |

| | | |
|---|---|---|
| | | *Improper Venue or, In the Alternative to Transfer this Action to the Central District of California* by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. (Attachments: # <u>1</u> Exhibit Proposed Order)(Zack, David) (Entered: 12/21/2007) |
| 12/21/2007 | <u>18</u> | RESPONSE in Opposition re <u>3</u> MOTION to Dismiss for Lack of Jurisdiction <u>1</u> Complaint, <u>2</u> Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California* filed by Setai Group, LLC. (Attachments: # <u>1</u> Exhibit 1: Declaration of Jonathan Breene# <u>2</u> Exhibit 2# <u>3</u> Exhibit 3# <u>4</u> Exhibit 4# <u>5</u> Exhibit 5)(Russomanno, Herman) (Entered: 12/21/2007) |
| 12/22/2007 | <u>19</u> | Plaintiff's MOTION for Hearing re <u>3</u> MOTION to Dismiss for Lack of Jurisdiction <u>1</u> Complaint, <u>2</u> Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California* by Setai Group, LLC. (Russomanno, Herman) (Entered: 12/22/2007) |
| 12/26/2007 | <u>20</u> | Unopposed MOTION to Appear Pro Hac Vice on Behalf of Defendants 5th Avenue Partners, LLC; Steven Rebeil; and Thomas Benjamin for Thomas R. Malcolm, John A. Vogt, and Stephen M. Silver, Filing Fee $225, Receipt #972365. (cw) (Entered: 12/27/2007) |
| 01/02/2008 | <u>21</u> | ORDER granting <u>20</u> Motion for Limited Appearance, Consent to Designation and Request to Electronically Receive Notices of Electronic Filings Signed by Judge James Lawrence King on 1/2/2008. (jw) (Entered: 01/02/2008) |
| 01/03/2008 | <u>22</u> | REPLY to Response to Motion re <u>3</u> MOTION to Dismiss for Lack of Jurisdiction <u>1</u> Complaint, <u>2</u> Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California* filed by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. (Zack, David) (Entered: 01/03/2008) |
| 01/03/2008 | <u>23</u> | NOTICE by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin re <u>18</u> Response in Opposition to Motion, *of filing Evidentiary Objections to Declaration of Jonathan Breene and Other Exhibits Submitted by Plaintiff* (Zack, David) (Entered: 01/03/2008) |
| 01/03/2008 | <u>24</u> | MEMORANDUM in Opposition re <u>19</u> Plaintiff's MOTION for Hearing re <u>3</u> MOTION to Dismiss for Lack of Jurisdiction <u>1</u> Complaint, <u>2</u> Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California* filed by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. (Zack, David) (Entered: 01/03/2008) |
| 01/03/2008 | <u>25</u> | Notice to the Court for Pro Hac Vice Attorney to Receive Electronic Notification by 5th Avenue Partners, LLC, Steven Rebeil, Thomas |

| | | |
|---|---|---|
| | | Benjamin (Zack, David) (Entered: 01/03/2008) |
| 01/04/2008 | 26 | ORDER granting 17 Motion for Extension of Time to Respond re 17 MOTION for Extension of Time to File Reply as to 3 MOTION to Dismiss for Lack of Jurisdiction 1 Complaint, 2 Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California* Responses due by 1/22/2008Signed by Judge James Lawrence King on 1/3/2008. (jw) (Entered: 01/04/2008) |
| 01/04/2008 | 27 | REPLY to Response to Motion re 3 MOTION to Dismiss for Lack of Jurisdiction 1 Complaint, 2 Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California and Joinder in Reply to Response to Motion to Dismiss for Improper Venue Filed by Co-Defendants* filed by Yami Alvarado, Tara Solomon, Inc.. (Mullins, Edward) (Entered: 01/04/2008) |
| 01/07/2008 | 28 | DOCUMENT STRICKEN see Document Number 30 RESPONSE *Joinder in Memorandum in Opposition to Plaintiff's Request for Hearing on Motion to Dismiss the Complaint Filed by Co-Defendants* filed by Yami Alvarado, Tara Solomon, Inc.. (Borrasso, Ava) Modified text on 1/15/2008 (tp). (Entered: 01/07/2008) |
| 01/11/2008 | 29 | NOTICE of Instruction to Filer: re 28 Response (Other) filed by Tara Solomon, Inc.,, Yami Alvarado, Error: Document Title Does Not Match Event Selected; Instruction to Filer=File a Notice of Striking Docket Entry and Refile the Document correctly; (ls) (Entered: 01/11/2008) |
| 01/14/2008 | 30 | NOTICE of Striking *Docket No. 28* by Yami Alvarado, Tara Solomon, Inc. (Borrasso, Ava) (Entered: 01/14/2008) |
| 01/14/2008 | 31 | MEMORANDUM in Opposition re 19 Plaintiff's MOTION for Hearing re 3 MOTION to Dismiss for Lack of Jurisdiction 1 Complaint, 2 Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California Joinder in Memorandum in Opposition Filed by Co-Defendants* filed by Yami Alvarado, Tara Solomon, Inc.. (Borrasso, Ava) (Entered: 01/14/2008) |
| 01/22/2008 | 32 | NOTICE by Setai Group, LLC *of Filing the 5th Avenue Defendants' Notice of Voluntary Dismissal Without Prejudice of Case No. 07-7576 PA (CWx) in the United Stated District Court in the Central District of California as a Supplement to SETAI'S Opposition to the 5th Avenue Defendants' Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer this Action to the Central District of California [DE # 18].* (Attachments: # 1 Supplement Notice of Voluntary Dismissal Without Prejudice of Case No. 07-7576 PA (CWx) in the United Stated District Court in the Central District of California)(Russomanno, Herman) (Entered: |

| | | |
|---|---|---|
| | | 01/22/2008) |
| 01/23/2008 | 33 | NOTICE by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin re 32 Notice (Other), Notice (Other), Notice (Other), 3 MOTION to Dismiss for Lack of Jurisdiction 1 Complaint, 2 Summons Issued *and Improper Venue or, In the Alternative to Transfer this Action to the Central District of California of Filing Southern District of California Complaint* (Attachments: # 1 Exhibit A)(Zack, David) (Entered: 01/23/2008) |
| 01/25/2008 | 34 | MOTION to Withdraw as Attorney by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. Responses due by 2/8/2008 (Attachments: # 1 Text of Proposed Order Granting 5th Av Defs' Motion for Leave for Silver to Withdraw his Appearance as Counsel)(Zack, David) (Entered: 01/25/2008) |
| 01/29/2008 | 35 | ORDER granting 34 Motion to Withdraw as Attorney. Attorney Stephen M. Silver terminated Signed by Judge James Lawrence King on 1/29/2008. (jw) (Entered: 01/29/2008) |
| 01/29/2008 | | Attorney Stephen M. Silver terminated. Sent terminated attorney(s) instructions for tracking future case activity. (See 35) (wc) (Entered: 01/30/2008) |
| 02/27/2008 | 36 | AMENDED COMPLAINT *FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT AND DAMAGES,* filed by Setai Group, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)(Russomanno, Herman) (Entered: 02/27/2008) |
| 02/29/2008 | 37 | MOTION to Dismiss for Lack of Jurisdiction 36 Amended Complaint *and Improper Venue or, In the Alternative, to Transfer This Action to the Southern District of California* by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. Responses due by 3/14/2008 (Zack, David) (Entered: 02/29/2008) |
| 02/29/2008 | 38 | MEMORANDUM in Support re 37 MOTION to Dismiss for Lack of Jurisdiction 36 Amended Complaint *and Improper Venue or, In the Alternative, to Transfer This Action to the Southern District of California* filed by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. (Attachments: # 1 Exhibit Declaration of Steven Rebeil Part 1# 2 Exhibit Declaration of Steve Rebeil Part 2# 3 Exhibit B-Declaration of Tom Benjamin)(Zack, David) (Entered: 02/29/2008) |
| 02/29/2008 | 39 | MOTION to Dismiss 36 Amended Complaint *and Joinder in Memorandum in Support of Dismissal Filed by Co-Defendants* by Yami Alvarado, Tara Solomon, Inc.. Responses due by 3/14/2008 (Mullins, Edward) (Entered: 02/29/2008) |

| 02/29/2008 | 40 | Summons Issued as to Nick D'Annunzio. (lk) (Entered: 02/29/2008) |
|---|---|---|
| 03/05/2008 | 41 | Summons Issued as to 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. (ail) (Entered: 03/06/2008) |
| 03/07/2008 | 42 | Emergency MOTION for Preliminary Injunction by Setai Group, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9)(Russomanno, Herman) (Entered: 03/07/2008) |
| 03/07/2008 | 43 | Plaintiff's MOTION for Hearing *[EXPEDITED HEARING] ON PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION* by Setai Group, LLC. (Russomanno, Herman) (Entered: 03/07/2008) |
| 03/10/2008 | 44 | MEMORANDUM in Opposition re 43 Plaintiff's MOTION for Hearing *[EXPEDITED HEARING] ON PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION* filed by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. (Crockett, Jeffrey) (Entered: 03/10/2008) |
| 03/10/2008 | 45 | MOTION Joinder in Fifth Avenue Defendants' (I) Opposition to the Setai Group's Request for an "Expedited" Hearing on its Motion for Preliminary Injunction; and (II) Request for Immediate Stay on Motion for Preliminary Injunction Until Jurisdictional Issues are Resolved by Yami Alvarado, Tara Solomon, Inc.. (Mullins, Edward) (Entered: 03/10/2008) |
| 03/13/2008 | 46 | MOTION for Leave to File Excess Pages by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. (Attachments: # 1 Text of Proposed Order Proposed Order)(Zack, David) (Entered: 03/13/2008) |
| 03/14/2008 | 47 | ORDER granting 46 Motion for Leave to File Excess Pages Signed by Judge James Lawrence King on 3/14/2008. (jw) (Entered: 03/14/2008) |
| 03/17/2008 | 48 | RESPONSE in Opposition re 37 MOTION to Dismiss for Lack of Jurisdiction 36 Amended Complaint *and Improper Venue or, In the Alternative, to Transfer This Action to the Southern District of California*, 39 MOTION to Dismiss 36 Amended Complaint *and Joinder in Memorandum in Support of Dismissal Filed by Co-Defendants* filed by Setai Group, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7)(Russomanno, Herman) (Entered: 03/17/2008) |
| 03/18/2008 | 49 | REPLY to Response to Motion re 37 MOTION to Dismiss for Lack of Jurisdiction 36 Amended Complaint *and Improper Venue or, In the Alternative, to Transfer This Action to the Southern District of California* filed by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. (Crockett, Jeffrey) (Entered: 03/18/2008) |

| 03/18/2008 | 50 | RESPONSE in Opposition re 37 MOTION to Dismiss for Lack of Jurisdiction 36 Amended Complaint *and Improper Venue or, In the Alternative, to Transfer This Action to the Southern District of California (Objections to Breene Declaration and exhibits)* filed by 5th Avenue Partners, LLC, Steven Rebeil, Thomas Benjamin. (Crockett, Jeffrey) (Entered: 03/18/2008) |
|---|---|---|
| 03/19/2008 | 51 | DOCUMENT STRICKEN SEE [DE 53] MOTION Joinder *in Reply Memorandum of Law in Support of Motion to Dismiss the Amended Complaint for Improper Venue Filed by Co-Defendants* by Yami Alvarado, Tara Solomon, Inc.. (Mullins, Edward) Modified on 3/21/2008 (tp). (Entered: 03/19/2008) |
| 03/20/2008 | 52 | NOTICE of Instruction to Filer: re 51 MOTION Joinder *in Reply Memorandum of Law in Support of Motion to Dismiss the Amended Complaint for Improper Venue Filed by Co-Defendants* filed by Tara Solomon, Inc.,, Yami Alvarado, Error: Document Title Does Not Match Event Selected; Instruction to Filer=File a Notice of Striking Docket Entry and Refile the Document correctly; (tp) (Entered: 03/20/2008) |
| 03/20/2008 | 53 | NOTICE of Striking *Docket Entry No. 51* by Tara Solomon, Inc. (Escobar, Annette) (Entered: 03/20/2008) |
| 03/20/2008 | 54 | MEMORANDUM OF LAW *In Support of Motion to Dismiss the Amended Complaint for Improper Venue Filed By Co-Defendants* by Tara Solomon, Inc.. (Escobar, Annette) Modified on 3/21/2008 (tp). See [DE 57] for corrected entry (Entered: 03/20/2008) |
| 03/20/2008 | 55 | REPLY to Response to Motion re 43 Plaintiff's MOTION for Hearing *[EXPEDITED HEARING] ON PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION ; and Response in Opposition to the 5th Avenue Defendants' Request for a Stay on SETAI'S Emergency Motion for Preliminary Injunction* filed by Setai Group, LLC. (Russomanno, Herman) (Entered: 03/20/2008) |
| 03/20/2008 | 56 | MEMORANDUM in Support re 49 Reply to Response to Motion, filed by Tara Solomon, Inc.. See [DE 54] for image (tp) (Entered: 03/21/2008) |
| 03/21/2008 | 57 | NOTICE of Docket Correction and Instruction to Filer: re 54 Memorandum of Law filed by Tara Solomon, Inc., Error: Wrong Event Selected; Correction=Redocketed as Memorandum in Support. Instruction to Filer=In the future please select the proper Event; See [DE 57] for corrected entry (tp) (Entered: 03/21/2008) |

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1126 Wilshire Boulevard, Los Angeles, California 90017.

On March 24, 2008, I served the foregoing document described as:

**DECLARATION OF GRAHAM B. LIPPSMITH IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO STAY CASE OR TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

John Vogt
Jones Day
3 Park Plaza, Suite 1100
Irvine, California  92614-2592

[x]     (BY MAIL)

[x]     As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[x]     (BY ELECTRONIC SERVICE)

[x]     (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 24, 2008 at Los Angeles, California.

GRAHAM B. LIPPSMITH

**DECLARATION OF GRAHAM B. LIPPSMITH**