Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com
John A. Vogt (State Bar No. 198677)
javoigt@jonesday.com
Corbett H. Williams (State Bar No. 246458)
chwilliams@jonesday.com
JONES DAY
3 Park Plaza
Suite 1100
Irvine, CA 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Plaintiffs
5TH AVENUE PARTNERS, LLC, STEVE REBEIL, AND TOM BENJAMIN

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

5TH AVENUE PARTNERS, LLC, a California Limited Liability Company, STEVE REBEIL, an individual, and TOM BENJAMIN, an individual,

Plaintiffs,

v.

THE SETAI GROUP, LLC, a New York Limited Liability Company, JONATHAN BREENE, an individual, JOHN CONROY, an individual, and DOES 1-10,

Defendants.

Case No. 08-CV0118-BTM (BLM)

Assigned for all purposes to: Judge Barry Ted Moskowitz

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO STAY OR TRANSFER THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

Date: May 9, 2008
Time: 11:00 a.m.
Dept.: 15

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 2

III. ARGUMENT ..... 4

A. THE "FIRST TO FILE" DOCTRINE IS AN EQUITABLE PRINCIPLE INAPPLICABLE TO THIS CASE ..... 4

B. THE "FIRST TO FILE" DOCTRINE DOES NOT TRUMP THE CONTRACT'S FORUM SELECTION PROVISION ..... 6

1. The *LOI—Setai West* Contract's Forum Selection Provision Is Enforceable, and Embraces All Claims in This and the Florida Action ..... 6

2. The *LOI—Setai West* Contract Is Binding Against Each of the Defendants and Remains In Force ..... 7

IV. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page**

Cases

*AGR Financial, L.L.C. v. Ready Staffing, Inc.*, 99 F. Supp. 2d 399 (S.D.N.Y. 2000) ........ 10

*Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991) ........ 5, 11

*Apollo Enter. Solutions, LLC v. Debt Resolve, Inc.*, No. SA CV 07-106-VBF(JTLx), 2007 U.S. Dist. LEXIS 42910 (C.D. Cal. April 10, 2007) ........ 4, 14

*Barapind v. Reno*, 72 F. Supp. 2d 1132 (E.D. Cal. 1999) ........ 13

*Caudill Seed & Warehouse Co., Inc. v. Brassica Protection Prods.*, LLC, No. 07-464-C, 2008 WL 516421 (W.D. Ky. Feb. 27, 2008) ........ 12

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007) ........ 11, 12

*Docksider LTD v. Sea Tech.*, LTD, 875 F.2d 762 - 64 (9th Cir. 1989) ........ 7

*Hermann v. Littlefield*, 109 Cal. 430 (1895) ........ 9

*Hy Cite Corp. v. Advanced Mktg. int'l*, No. 05-C-722-S, 2006 WL 3377861 (W.D. Wis. Apr. 10, 2006) ........ 12

*Internet Law Library, Inc. v. Southridge Capital Mgmt.*, 208 F.R.D. 59 (S.D.N.Y. 2002) ........ 13

*Jacobs v. Tenneco West, Inc.*, 186 Cal. App. 3d 1413 (1986) ........ 7

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952) ........ 5

*Lumascape USA, Inc. v. Vertex Lighting, Inc.*, Case No. C 05-04809 WHA, 2006 WL 825411 (N.D. Cal. March 29, 2006) ........ 9, 10, 11

*M/S Bremen v. Zapata Offshore, Co.*, 407 U.S. 1 (1972) ........ 6, 7

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509 (9th Cir. 1988) ........ 7

*National Union Fire Insurance Co. v. Showa Shipping Co., Ltd.*, 166 F.3d 343, Nos. 97-16374, 97-16375, 1999 WL 23134 n. 6 (9th Cir. Jan. 13, 1999) ........ 9

*Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers*, 430 U.S. 243 (1977) ........ 10

*Oliver v. The Parsons Co.*, 195 F.3d 457 (9th Cir. 1999) ........ 9

*Omron Healthcare, Inc. v. Maclaren Exports Ltd.*, 28 F.3d 600 (7th Cir. 1994) ........ 10, 11

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Posner v. Essex Ins. Co., Ltd.*,
178 F.3d 1209 (11th Cir. 1999) ........ 4

*Riggan v. City of Saint Paul*,
53 F.3d 339, 1995 WL 251131, (1995) ........ 7

*Swenson v. T-Mobile USA*, Inc.,
415 F. Supp. 2d 1101 (S.D. Cal. 2006) ........ 7

*Tieman v. Victaulic Co.*,
No. 06-CV-1036, 2007 WL 397054 (S.D. Ohio Jan. 31, 2007) ........ 12

*United States v. One Oil Painting Entitled "Femme En Blanc" By Pablo Picasso*,
362 F. Supp. 2d 1175 (C.D. Cal. 2005) ........ 5

*Valpak of Cincinnati, Inc. v. Valpak Direct Mktg. Sys.*,
No. 1:05CV00510SSB-TSH, 2005 WL 3244321 (Nov. 30, 2005 S.D. Ohio) ........ 13

*Ward v. Follett Corp.*,
158 F.R.D. 645 (N.D. Cal. 1994) ........ 5, 13

*Weingrad v. Telepathy, Inc.*,
Case No. 05 Civ.2024(MBM), 2005 WL 2990645, (S.D.N.Y. Nov. 7, 2005) ........ 10

*Young Women's Christian Ass'n of U.S. Nat. Bd. v. HMC Entm't*,
Case No. 91 Civ. 7943 (KMW), 1992 WL 279361 (S.D.N.Y. Sept. 25, 1992) ........ 10

*Z-Line Designs, Inc. v. Bell'O Int'l LLC*,
218 F.R.D. 663 (N.D. Cal. 2003) ........ 5, 13

Statutes

Fed. R. Civ. P. 41(a)(1)(A) ........ 2

# I. INTRODUCTION

This action is properly filed in this district, and is not subject to dismissal under the "first to file" doctrine. This case is pending in the **only** forum permissible under a valid, enforceable and mandatory forum selection provision in a contract in force between the parties, the breach of which is the subject of this litigation.[1] The action initiated by The Setai Group, LLC, ("Setai") in the Southern District of Florida was improperly filed in clear violation of the forum selection provision; that action also is improper in the Southern District of Florida because there is no personal jurisdiction over plaintiffs in that forum. Setai cannot be permitted to shirk its contractual obligation to litigate this dispute in California by being the first to file suit in the Southern District of Florida, a forum completely unconnected with the parties' transaction. Nor, can Setai sue individuals and companies that have no connection to the State of Florida. Each of these issues — the forum selection clause and personal jurisdiction — will be the subject of an evidentiary hearing on June 23, 2008. Thus, at most, this suit should be stayed pending the resolution of those case dispositive issues in a matter of months.

This suit, and the pending action in Florida, concern a business transaction between Fifth Avenue and Setai to develop hotels in California, Hawaii and Mexico — not Florida. By way of background, in May of 2007, Setai and its principals, Jonathan Breene and John Conroy (collectively "Setai") entered a contract with 5th Avenue Partners, LLC and its principals, Steve Rebeil and Tom Benjamin (collectively "Fifth Avenue") (the "*LOI—Setai West*" contract). That contract, as noted, was entered into for the purpose of developing, selling, marketing, and/or operating luxury hotels under in the western United States, including California and Hawaii. The *LOI—Setai West* contract contains a clear and specific forum selection provision that designates California as the exclusive place for litigation of all disputes related to the contract, including each of the claims now pending before this Court and the Honorable James Lawrence King in the Southern District of Florida: "**[V]enue of all proceedings relating to this Letter of Intent shall be in the State of California.**" (*Id.*, at p. 3 (¶ 5.) Setai ignored this contract provision when it

[1] *See* Exhibit 1 to the First Amended Complaint ("FAC") and Exhibit 1 to the accompanying Declaration of Steve Rebeil ("Rebeil Decl.").

chose to file suit in the State of Florida.

Additionally, because the *LOI—Setai West* contract was performed in California (not Florida) and because its purpose was the development of hotels in California (not Florida), most of the evidence relevant to this dispute is located here in California (not Florida). All of the plaintiffs are residents of California (not Florida); Setai is an admitted "New York" company; and only one defendant, Jonathan Breene, is a resident of Florida. Thus, convenience of the parties, a factor to be considered in whether the "first to file" doctrine applies, heavily favors litigation in California, not Florida.

## II. STATEMENT OF FACTS

The parties entered the *LOI—Setai West* contract on May 23, 2007 following negotiations in California (not Florida) throughout the Spring of 2007. (Rebeil Decl., ¶¶ 6-7.) As the *LOI—Setai West* contract reflects, Fifth Avenue and Setai entered that contract to sell, market, develop and/or operate luxury hotels first in San Diego, and then elsewhere in the western United States, including California and Hawaii. (*Id.*, ¶ 8.) No part of the contract or business relationship concerned the State of Florida. (*Id.*) And, most significantly, the parties' contract provides that "**venue of all proceedings relating to this Letter of Intent shall be in the State of California**." (*Id.*, ¶ 11, emphasis added.) The parties further agreed that the obligations of the parties contained in the contract "shall be binding and enforceable on them." (*Id.*) By its terms, the contract is in full force and effect. (*Id.*, ¶ 10.)

Setai has breached the *LOI—Setai West* contract. (*See* FAC.) On November 14, 2007, Setai filed an action in the Southern District of Florida captioned *Setai Group, LLC v. 5th Avenue Partners, LLC et al.*, Case No. 07-22948 CIV-KING (the "Florida Action"). That action was filed in clear violation of the exclusive forum selection provision in the *LOI—Setai West* contract.

On November 20, 2007, only six days after Setai initiated suit in the Southern District of Florida, Fifth Avenue filed an action against Setai in the Central District of California. Fifth Avenue subsequently dismissed that action under Fed. R. Civ. P. 41(a)(1)(A), and on January 22, 2008, filed the action now pending before this Court.[2]

[2] Although venue was proper in the Central District, Fifth Avenue decided that the

Setai's filing of the Florida Action was a bald attempt at forum shopping in an effort to evade resolution of this dispute in the only proper forum: California. Setai now invokes the "first to file" doctrine to garner this Court's endorsement of its breach of the forum selection provision. This should not be allowed to succeed. Fifth Avenue has made two good faith attempts to correct this error; an evidentiary hearing scheduled for June 23, 2008 should resolve this matter once and for all.

To elaborate, on November 26, 2007, Fifth Avenue moved to dismiss or, in the alternative, transfer Setai's Florida action to California — the proper and contractually-chosen forum.[3] (*See* DE 3 & 4.) That motion was fully-briefed and, for nearly two months, had been awaiting decision by Judge King. On February 27, 2008 — and before Judge King could rule on that motion — Setai filed a First Amended Complaint. (DE 36.) Because that amendment did not cure any of the jurisdictional defects that rendered the original complaint ripe for dismissal and/or transfer, Fifth Avenue immediately renewed its motion to dismiss / transfer the Florida Action. (DE 37 &38.) Before its opposition to that motion was due, Setai filed a motion for a preliminary injunction. (DE 42 & 43.) The hearing on Fifth Avenue's motion to dismiss / transfer was heard by Judge King on April 1, 2008.

At that hearing, Judge King denied Fifth Avenue' motion based solely upon the allegations in Setai's First Amended Complaint — finding that the pled facts were sufficient to establish personal jurisdiction over Fifth Avenue in Florida. (Exhibit A at 28:16 – 29:11). The Florida court gave no consideration to Fifth Avenue's evidentiary declarations submitted in connection with that motion, notwithstanding the fact that: (i) those affidavits establish that Fifth Avenue has had no contacts with the State of Florida; and (ii) in ruling on a motion challenging

---

(continued…)

Southern District was a more appropriate venue for this dispute since the first hotel developed under the *LOI* contract is located in San Diego.

[3] *See* DE 3 & 4 to the Florida Action. All citations to "DE __" are to the pleadings on file in the court's docket in the Florida Action (per the Court's document numbering system). So as not to burden this Court with voluminous papers, Fifth Avenue respectfully requests that the Court take judicial notice of the pleadings on file in the Florida Action.

personal jurisdiction, sworn affidavits submitted in support of such motion, as a matter of law, trump any allegations in a plaintiff's complaint to the contrary (*see, e.g.*, *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999) (assertions in plaintiff's complaint are only accepted as true if they are uncontradicted by a sworn affidavit). (*See* Exhibit A at 28:16 – 29:11) At the hearing on this motion, Judge King stated that: (i) the court's ruling (at that point) was based solely on the allegations set forth in Setai's First Amended Complaint — *i.e.*, Fifth Avenue's sworn declarations and the *LOI—Setai West* contract's forum selection clause was **not** considered in ruling on that motion; and (ii) the court would reconsider Fifth Avenue's challenges to jurisdiction and venue in connection with the evidentiary hearing on Setai's motion for preliminary injunction (which again is scheduled for June 23, 2008). (*See* Exhibit A at 30:6-14; Exhibit B at 1.)

At that hearing, Fifth Avenue intends to present evidence — which Fifth Avenue anticipates will be overwhelming and one-sided — on the issues of personal jurisdiction and venue. This hearing will give Judge King an opportunity to evaluate the merits of the Fifth Avenue's motion in light of live testimony and physical evidence. Thus, should this Court find that the "first to file" doctrine may be applicable to this case (notwithstanding the foregoing), Fifth Avenue respectfully requests that the Court stay this action, rather than dismiss it, pending the outcome of the parties' evidentiary hearing before Judge King on June 23, 2008. *See Apollo Enter. Solutions, LLC v. Debt Resolve, Inc.*, No. SA CV 07-106-VBF(JTLx), 2007 U.S. Dist. LEXIS 42910, at *5 (C.D. Cal. April 10, 2007) (ordering the second-filed action stayed, rather than dismissed, pending a decision in the first-filed action on questions of jurisdiction and proper venue).

## III. ARGUMENT

### A. THE "FIRST TO FILE" DOCTRINE IS AN EQUITABLE PRINCIPLE INAPPLICABLE TO THIS CASE

The "first to file" doctrine — the **sole** basis for Setai's motion — is not a wooden, inflexible rule of procedure. Rather, it is a creature of equity, born of concern for judicial economy and avoidance of the embarrassment of conflicting judgments. *United States v. One Oil*

*Painting Entitled "Femme En Blanc" By Pablo Picasso*, 362 F. Supp. 2d 1175, 1184 (C.D. Cal. 2005). Yet, such "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 627-28 (9th Cir. 1991) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)) (brackets omitted). Therefore, "district courts can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). The doctrine therefore does not apply where circumstances evince "bad faith, anticipatory suit, and forum shopping." *Alltrade*, 946 F.2d 622 at 628. Moreover, "[a] court may also relax the 'first to file' rule if the balance of convenience weighs in favor of the later-filed action." *Ward*, 158 F.R.D. at 648.[4]

This case should not be dismissed under the "first to file" doctrine. By filing this action in the Southern District of California, Fifth Avenue was not attempting to salvage a race to the courthouse initially won by Setai. Instead, Fifth Avenue was adhering to the terms of the parties' contract, which requires all legal proceedings be filed in California. Setai ignored the mandatory forum provision, and breached the contract by filing the Florida Action. That breach cannot be excused simply because the Florida Action was filed first. To be sure, the courts did not fashion the "first to file" doctrine as a shield against valid and enforceable forum selection provisions negotiated by private parties. This case is not subject to dismissal under that doctrine.

---

[4] *See also Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) ("Circumstances under which the first to file rule will not be applied include bad faith, anticipatory suit and forum shopping.") (declining to apply the "first to file" doctrine because the first-filed suit was anticipatory.); *One Oil Painting*, 362 F. Supp. 2d at 1184 ("[W]hen there is evidence of bad faith, or anticipatory suit and forum shopping, a court may refuse to invoke the first-to-file rule.") (declining to apply the first to file doctrine because the first and second-filed suits did not share similar issues); *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1146 (E.D. Cal. 1999) ("The rule may be dispensed with for equitable reasons; for example, where the first action is filed merely as a means of forum shopping or other indicia of bad faith, . . . or where the balance of convenience weighs in favor of the later-filed action.").

**B. THE "FIRST TO FILE" DOCTRINE DOES NOT TRUMP THE CONTRACT'S FORUM SELECTION PROVISION**

For a host of reasons, the Court should find that the "first to file" doctrine does not override the parties' contract, including the forum selection clause in that contract.

**1. The *LOI—Setai West* Contract's Forum Selection Provision Is Enforceable, and Embraces All Claims in This and the Florida Action.**

The mandatory California forum selection provision found in paragraph 5 of the parties' contract provides: "This Letter of Intent shall be governed by the laws of the State of California, . . . but venue of all proceedings relating to this Letter of Intent shall be in the State of California." (Rebeil Decl. Ex. 1, p. 3 (¶ 5).) This action and the Florida Action relate to the parties' contract — to be sure, there are claims for "**breach of contract**" in **both** suits. (*See* Ex. 1 to the Declaration of Graham Lippsmith [Setai's Florida Complaint], at ¶¶ 46-52.) Moreover, every claim in the Florida Action — the breach of contract, fraudulent inducement, Lanham Act, and equitable claims — all relate to and arise from the parties' contract.[5] That Setai chose to ignore this provision in filing the Florida Action cannot serve as grounds for dismissal of this case.

The United States Supreme Court has held that there is a strong policy favoring enforcement of forum selection clauses and, absent exceptional circumstances, such clauses must be enforced as written. *M/S Bremen v. Zapata Offshore, Co.*, 407 U.S. 1, 9-10, 18 (1972). Furthermore, where, as here, a clause in a contract states that claims are to be brought in a specific forum, it is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10. The party opposing enforceability of the clause must "show that trial in the contractual forum will be so gravely

[5] A forum selection clause applies not just to breach of contract claims, but is "equally applicable to contractual and tort causes of action. Whether a forum selection clause applies to a tort claim depends on whether resolution of the claims relates to interpretation of the contract." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (holding that the forum selection clause at issue encompassed both contract and tort claims) (citations omitted); *Hill v. Pac. Gas & Elec. Co.*, No. C94 4247FMS, 1995 WL 86567, at *5 (N.D. Cal. Feb. 21, 1995) ("Where the tort claims relate to the rights and duties under the contract, the forum selection clause limits where the parties may bring their tort claims.").

difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514-15 (9th Cir. 1988) (quoting *Bremen*, 407 U.S. at 18); *Swenson v. T-Mobile USA*, Inc., 415 F. Supp. 2d 1101, 1104 (S.D. Cal. 2006) (Forum selection clauses "are prima facie valid and are enforceable unless the party challenging enforcement shows the clause is unreasonable under the circumstances."). Absent such a showing, "there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *Id.* The forum selection provision in the *LOI—Setai West* contract is binding and enforceable upon Setai.[6]

**2. The *LOI—Setai West* Contract Is Binding Against Each of the Defendants and Remains In Force.**

In the Florida Action, Setai has argued that the *LOI—Setai West* contract expired at the end of a 90-day negotiation period — which ended on August 21, 2007 — pertaining to the formation of other contracts. The argument is unmeritorious.

First, it is belied by the express language of the *LOI—Setai West* contract: "This Letter of Intent **shall remain in effect** from the date this Letter is countersigned and delivered to Setai [*i.e.*, May 23, 2007] **until** [all four of the Initial Definitive Agreements are executed]." (*See* Rebeil Decl., Ex. 1, at p. 1 ¶ 1(a)) (emphasis added).) The *LOI* goes on to provide a 90-day negotiation period for **just the formation of those four Initial Definitive Agreements**. Under the express language of the contract, **unless and until** all four Initial Definitive Agreements are entered, *LOI—Setai West* contract "**shall remain in effect** (emphasis added)" and control the parties' contractual relationship. (*Id.*)[7]

---

[6] That the *LOI—Setai West* contract uses the term "venue" rather than "forum" or other such language does not affect the analysis. *See Docksider LTD v. Sea Tech.*, LTD, 875 F.2d 762, 763 - 64 (9th Cir. 1989) (affirming dismissal of a suit filed in the Central District of California in violation of a forum selection provision reading part, "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia."); *Riggan v. City of Saint Paul*, 53 F.3d 339, 1995 WL 251131, at *1 (1995) (table) (affirming dismissal of a suit filed in the Western District of Washington in violation of a forum selection provision reading, "Venue shall be in the Superior Court for the State of Alaska.").

[7] Furthermore, as explained in the accompanying Declaration of Steve Rebeil, the only reason why the four Initial Definitive Agreements were not executed during the 90-day negotiation period was because Setai breached the covenant of good faith and fair dealing, and

Second, the argument is contradicted by Setai's alleged claims in the Florida Action. Those claims arise out of, and depend upon, the existence of the *LOI—Setai West* contract, including, in particular, the Third Cause of Action for "Breach of Contract." (*See* Ex. 1 to the Declaration of Graham Lippsmith, at ¶¶ 46-52.) In that claim, Setai asserts that certain "press releases" issued in October 2007 — *i.e.*, **after** the supposed "expiration" of the contract — were themselves a breach of the parties' contract. Setai cannot have it both ways. How can Fifth Avenue breach a contract in October 2007 that, according to Setai, expired in August 2007? The argument — "*There's a contract only when it helps us*" — is unconvincing and wrong.

Third, Setai's own actions after August 21, 2007 expunge any doubt that they understood that the *LOI—Setai West* contract remained in force after that date:

- In September, 2007, Fifth Avenue and Setai hired Craig A. Waterman as the "General Manager/Managing Director for the Setai West, LLC in San Diego." (Rebeil Decl., ¶ 16.) **That offer was on Setai letterhead**. (*Id.*) Thereafter, Mr. Waterman hired a Human Resource Manager, and a Director of Sales. (*Id.*)
- On September 10, 2007, Walid Sfeir, an employee of Setai working on the Setai San Diego hotel project, updated Setai and Fifth Avenue on various hirings and potential employee interviews for the project. (*Id.*, at ¶ 17.)
- On September 18, 2007, the Rockwell Group — the designer of the Setai San Diego — sent the design renderings for the Setai San Diego to Setai, which then forwarded copies of those drawings to Fifth Avenue. (*Id.*, at ¶ 18.)
- On October 9, 2007, Mr. Breene (of Setai) notified Fifth Avenue about revised "logo" designs for the Setai San Diego that Setai's consultant, Pace Advertising, had prepared. (*Id.*, at ¶ 19.)

(continued…)

improperly refused to sign any of those agreements. (Rebeil Decl. ¶ 10). Setai should not be allowed to use its own breach of contract as means to argue that the *LOI—Setai West* contract has expired. *See Jacobs v. Tenneco West, Inc.*, 186 Cal. App. 3d 1413, 1418 (1986) ("[A] person may not take advantage of his own act or omission to escape liability. If he prevents or makes impossible the performance or happening of a condition precedent, the condition is excused.").

- On October 9, 2007, Setai and Fifth Avenue discussed Public Relations firms for the Setai San Diego. Setai advised Fifth Avenue that it wanted to "make as much 'no[i]se' (sic) as possible" concerning the opening of the parties' San Diego, California hotel. (*Id.*)
- On October 10, 2007, Ted Wright (President of The Setai Group) put Fifth Avenue in touch with Setai's designer of conceptual drawings for the Setai San Diego. In his e-mail to "Greg" (the designer), Mr. Wright advised: "Steve Rebeil, the developer of our San Diego property and a very dynamic guy is interested in learning more [about the conceptual drawing for Setai San Diego]." (*Id.*, at ¶ 20.)

* * *

Given this record, even if one believed that the *LOI—Setai West* contract was scheduled to expire on August 21, 2007, it was repeatedly affirmed and ratified by Setai after that date: "[I]t is a widely accepted principle that when an agreement expires by its terms, if, without more, the parties continue to perform as theretofore, an implication arises that they have mutually assented to a new contract containing the same provisions as the old." *National Union Fire Insurance Co. v. Showa Shipping Co., Ltd.*, 166 F.3d 343, Nos. 97-16374, 97-16375, 1999 WL 23134, at *3 n. 6 (9th Cir. Jan. 13, 1999) (table).[8]

<u>Fourth</u>, even indulging in the fiction that the *LOI—Setai West* contract expired, the parties are still obligated to resolve disputes related to that contract in California — even where, as in the Florida Action, the alleged wrongful acts include a trademark claim that accrued after the alleged expiration the *LOI—Setai West* contract. *See Lumascape USA, Inc. v. Vertex Lighting, Inc.*, Case No. C 05-04809 WHA, 2006 WL 825411 (N.D. Cal. March 29, 2006).

---

[8] *See also Oliver v. The Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999) ("It is undisputed from the record that Parsons ES and I&M continued to perform under the terms of the agreement. Therefore, the district court correctly held that a valid subcontract existed because the parties' continued performance under the terms of the written contract was sufficient to prove the continued existence of the contract."); *Hermann v. Littlefield*, 109 Cal. 430, 433 (1895) ("It is elementary that when a person performing labor at an agreed price and for a stated time continues in the same employment after the expiration of the term, without a new agreement, it is presumed by the law, in the absence of anything to the contrary, that the terms of the original contract are continued.").

In *Lumascape*, the parties had entered into a manufacture/distribution agreement that contained a forum provision mandating that actions be brought in the courts of Australia. The plaintiffs had argued that the provision should be disregarded because their claims "arose after the contract was terminated and are independent of the contract." *Id.* at *9. The court rejected plaintiffs' argument, and granted defendant's motion, explaining: "The inquiry . . . is not the timing per se of the alleged offense but 'whether resolution of the claims relates to interpretation of the contract.'" *Id.* Even though the agreement had been terminated, the court ruled that the forum selection clause governed. The facts in the instant case are controlled by *Lumascape*: the only proper forum for the parties' dispute is here, in California.

*Lumascape* does not stand alone. *Omron Healthcare, Inc. v. Maclaren Exports Ltd.*, 28 F.3d 600 (7th Cir. 1994) also involved the enforcement of a forum selection provision in a contract that had been terminated. *See id.* at 601 – 602. Just as in *Lumascape*, the court rejected plaintiff's attempt to evade application of a forum selection clause, and ruled that "all disputes the resolution of which arguably depend on the construction of an agreement 'arise out of' that agreement for purposes of an arbitration clause," and that the same should be true for "purposes of a forum-selection clause" *Id.* at 603. This dispute depends on the construction of the *LOI—Setai West* contract and, therefore, the forum selection clause contained in the *LOI—Setai West* contract must be enforced.[9] *See also Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers*, 430 U.S. 243, 250-251 (1977) ("[I]t could not seriously be contended . . . that the expiration of the contract would terminate the parties' contractual obligation to resolve such a dispute in an arbitral, rather than a judicial forum.").[10]

---

[9] Numerous other decisions are in accord with *Lumascape* and *Omron Healthcare*. *See e.g.*, *Weingrad v. Telepathy, Inc.*, Case No. 05 Civ.2024(MBM), 2005 WL 2990645, at *3 (S.D.N.Y. Nov. 7, 2005) ("[P]arties to a contract are bound by that contract's forum selection clause even after the contract has expired . . . ."); *AGR Financial, L.L.C. v. Ready Staffing, Inc.*, 99 F. Supp. 2d 399, 401 (S.D.N.Y. 2000) ("Even if the Agreement was terminated, its forum selection clause would still be effective."); *Young Women's Christian Ass'n of U.S. Nat. Bd. v. HMC Entm't*, Case No. 91 Civ. 7943 (KMW), at *4, 1992 WL 279362 (S.D.N.Y. Sept. 25, 1992) (holding that the forum selection provision in the parties' agreement compelled transfer of the plaintiff's action notwithstanding expiration of the agreement.).

[10] Neither *Lumascape* nor *Omron* can be meaningfully distinguished on the basis that they did not concern a forum selection provision specifically intended to expire after 90 days. Any

In sum, the *LOI—Setai West* contract, by its express terms, did not "expire" 90 days after May 23, 2007; Setai's alleged claims in the Florida Action confirm that this contract did not "expire" after 90 days; and, in all events, the parties' course of performance after this 90-day period reaffirmed and ratified the validity and enforceability of this agreement; finally, assuming *arguendo* that the *LOI—Setai West* contract did expire, the forum selection clause under that contract still applies (as the Supreme Court has instructed).

**3. The Florida Suit Is Not Entitled to Deference Under "First To File."**

Setai's filing of the Florida Action does not excuse their obligation to litigate in California and is not grounds for dismissal of this action. By filing the Florida Action, Setai engaged in forum shopping that violates the *LOI—Setai West* contract. Proper application of the "first to file" doctrine has been clearly articulated:

> District courts have the discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, even one who files first, does **not** have a right to bring a[n] . . . action in the forum of his choosing. Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, **anticipatory suits, and forum shopping.**

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551-52 (6th Cir. 2007) (emphasis in original); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, **anticipatory suit**, and **forum shopping**") (emphasis added) (citations omitted).

---

(continued...)

attempt by Setai to do so is a distinction without a difference. As the court in *Lumascape* notes, "Lumascape terminated the agreement." 2006 WL 825411, at *1. Nevertheless, the court concluded that the plaintiff's trademark claims related to the agreement and were therefore subject to the forum selection provision, notwithstanding the termination. *Id.* at *9. *Accord Omron Healthcare*, 28 F.3d at 601-603.

*Certified Restoration* is directly in point. In that case, as in this, a contract containing a forum selection provision existed between the parties. 511 F.3d at 539. That provision required that all claims arising out of the agreement be resolved in the State of Michigan, under Michigan law. *Id.* Just as Setai did in filing the Florida Action, the defendants in *Certified Restoration* chose to ignore the contract, and filed a preemptory action in Ohio. *Id.* And just as in this case, shortly after the Ohio action was initiated, the plaintiff in *Certified Restoration* filed suit in Michigan (as required by the contract). *Id.* The plaintiff then moved for a preliminary injunction, which the district court denied solely on the basis of the "first to file" doctrine because the Ohio action was still pending. *Id.* at 551. The Sixth Circuit reversed:

> The Ohio action filed by Defendants was the very kind of anticipatory suit which should not have been given deference under the first-to-file rule. . . . By filing in Ohio courts, Defendants were attempting to forum shop as well as preempt resolution of the parties' dispute by the proper forum. Thus the Ohio action was not entitled to any deference under the first-to-file rule.

*Id.* at 552. *Certified Restoration* is not an isolated decision; a host of recent opinions are in accord:

- *Caudill Seed & Warehouse Co., Inc. v. Brassica Protection Prods.*, LLC, No. 07-464-C, 2008 WL 516421, at *4 (W.D. Ky. Feb. 27, 2008). ("[T]he court sees no reason to reach the first-to-file issue because the forum-selection clause covers the present action regardless of who filed first.").
- *Tieman v. Victaulic Co.*, No. 06-CV-1036, 2007 WL 397054, at *4 (S.D. Ohio Jan. 31, 2007) (rejecting the argument that the "first to file" doctrine trumps a contractual forum selection provision).
- *Hy Cite Corp. v. Advanced Mktg. int'l*, No. 05-C-722-S, 2006 WL 3377861, at *4 (W.D. Wis. Apr. 10, 2006) ("The interests of justice mandate that the first-to-file rule should not be applied to plaintiffs' action because of the forum selection clause contained within the individual plaintiffs' agreements.").

- *Valpak of Cincinnati, Inc. v. Valpak Direct Mktg. Sys.*, No. 1:05CV00510SSB-TSH, 2005 WL 3244321, at *3 (Nov. 30, 2005 S.D. Ohio) ("One of the 'special circumstances' justifying departure from the first-to-file rule is the presence of a forum selection clause.").
- *Internet Law Library, Inc. v. Southridge Capital Mgmt.*, 208 F.R.D. 59, 64 (S.D.N.Y. 2002) (discussing application of the "first to file" doctrine where plaintiff had filed action in violation of contractual forum selection provision).

This case is no different. The parties' contract requires that all suits be filed in California. In filing the Florida Action, Setai sought to forum shop in breach of contract, and sought to preempt resolution of the dispute in the only proper forum — California. The Florida Action is therefore entitled to no deference by this Court under the "first to file" doctrine, and Setai's motion should be denied.

## C. CONVENIENCE OF THE PARTIES CLEARLY FAVORS RESOLUTION OF THIS DISPUTE IN THE SOUTHERN DISTRICT OF CALIFORNIA

Setai's motion should also be denied because the Southern District of California is clearly the more convenient forum for litigating this dispute. *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) ("A court may also refuse to apply the first to file rule if the balance of convenience weighs in favor of the later-filed action."); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) ("A court may also relax the 'first to file' rule if the balance of convenience weighs in favor of the later-filed action."); *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1146 (E.D. Cal. 1999) ("The rule may be dispensed with . . . where the balance of convenience weighs in favor of the later-filed action.").

The *LOI—Setai West* contract was and continues to be performed in California. (Rebeil Decl., at ¶ 12.) Specifically, the "Setai San Diego " (as the name suggests) is located in San Diego, California, and is the first hotel to be opened under the parties' contract. Development on that project continues apace even now, and it is scheduled to open on June 25, 2008. (*Id.*) Further, Fifth Avenue resides within California. (Rebeil Decl., at ¶¶ 2-4.) Of the parties to this action, only one, Jonathan Breene, is a resident of Florida. (*Id.*, at ¶ 5.)

More importantly, as the *LOI—Setai West* contract reflects, Fifth Avenue and Setai entered that contract to sell, market, develop and/or operate luxury hotels in San Diego and elsewhere in the western United States, including California and Hawaii. (*Id.*, at ¶ 8.) No aspect of the parties' transaction occurred in or concerned the State of Florida. (*Id.*) To the contrary, the transaction principally concerns properties in California, including the soon-to-be-opened "Setai San Diego" and the "Setai Beverly Hills." (*See id.*, at ¶ 9.) For these reasons, most (if not all) of the relevant evidence pertaining to this dispute is located here in California, not Florida. (*Id.*, at ¶ 15.) California is therefore indisputably the more convenient and reasonable forum for resolution of this matter.

**D. AT THE MOST, THE COURT SHOULD STAY THIS ACTION UNTIL FINAL RESOLUTION OF FIFTH AVENUE'S MOTION TO DISMISS OR TRANSFER THE FLORIDA ACTION.**

As noted, Judge King stated that, at the evidentiary hearing on June 23, 2008, he will take evidence on the issues of personal jurisdiction and venue. (*See* Ex. A 30 6-14.) Accordingly, Fifth Avenue respectfully requests that the Court stay this action, rather than dismiss it, pending the outcome of the parties' hearing before Judge King on June 23, 2008.[11] *See Apollo Enter. Solutions, LLC v. Debt Resolve, Inc.*, No. SA CV 07-106-VBF(JTLx), 2007 U.S. Dist. LEXIS 42910, at *5 (C.D. Cal. April 11, 2007) (ordering the second-filed action stayed, rather than dismissed, pending a decision in the first-filed action on questions of jurisdiction and proper venue). At most, this Court should allow the Florida court the opportunity to decide Fifth Avenue's jurisdiction and venue challenges with the benefit of evidence before any final decision about venue in this case is made. To do otherwise would allow a race to the courthouse to trump an enforceable forum provision, which would be contrary to law set forth in *Bremen* and its progeny.

[11] On April 10, 2008, counsel for Fifth Avenue requested that Setai stipulate to a short stay of this case pending the outcome of the evidentiary hearing in the Florida Action. (*See* accompanying Declaration of Corbett Williams, ¶ 4.) Setai refused. (*Id.*)

## IV. CONCLUSION

Setai's filing of the Florida Action is an effort at forum shopping to evade the binding, enforceable, and mandatory forum selection provision in the *LOI—Setai West* contract. The Florida Action is entitled to no deference, and the "first to file" doctrine does not apply. Moreover, because the contract and transaction at issue have nothing whatsoever to do with the State of Florida, and because the location of the witnesses and relevant evidence strongly favors litigation in the Southern District of California, Setai's motion should be denied.

Dated: April 25, 2008

Respectfully submitted,

JONES DAY

By: s/Corbett H. Williams
Corbett H. Williams

Counsel for Plaintiffs
5TH AVENUE PARTNERS, LLC, STEVE REBEIL, AND TOM BENJAMIN