# EXHIBIT C

| | | |
|---|---|---|
| "Graham LippSmith" <glippsmith@girardikeese.com> | To | "Ralph H Blakeney" <rblakeney@jonesday.com> |
| | cc | "John A. Vogt" <javogt@JonesDay.com> |
| | bcc | |
| 04/10/2008 02:49 PM | Subject | RE: 5th Avenue Partners, LLC, et al. v. The Setai Group, LLC, et al. |
| History: | | This message has been forwarded. |

Dear Ralph:

Thank you for your email. I think we will just stick with our motion and hear what Judge Moskowitz has to say about the situation.

With kind regards,

Graham

_____

Graham B. LippSmith
Girardi | Keese



**From:** Ralph H Blakeney [mailto:rblakeney@jonesday.com]
**Sent:** Thursday, April 10, 2008 8:33 AM
**To:** Graham LippSmith
**Cc:** John A. Vogt
**Subject:** 5th Avenue Partners, LLC, et al. v. The Setai Group, LLC, et al.


Graham:

As promised, I attach a copy of the transcript of the April 1 hearing on 5th Avenue's motion to dismiss, etc. that was heard by Judge King in the Southern District of Florida. When you read the transcript, it is clear that the Court denied my clients' motion based upon the allegations pled in Setai's Complaint and First Amended Complaint. *See, e.g.*, 29:4-11 ("The allegations, which are yet to be proven of course, and the Court does not know the parties should draw any inferences from this that the Court has made any decisions regarding the underlying factual assertions of the well-pled complaint and amended complaint. But, they certainly are sufficient to show that there were tortious acts that were allegedly committed that would subject the Defendants . . . to the jurisdiction of this Court.").

However, it also appears that the Court intends to hear evidence on the jurisdiction and venue issues. At 30:6-14, the Court stated: "The matters that Mr. Malcolm and Ms. Escobar raised here today regarding factual assertions about where some of these events took place and so on, all parties are at liberty to assert those, raise those, discuss those and we will take a good, careful look at them at the conclusion of the preliminary injunction hearing. We'll see where they are. If it turns out that none of this activity occurred here, well then this matter may be reasserted at the conclusion of the preliminary injunction hearing."

My take is that, while the Court did not consider the declarations filed by any of the parties in deciding the motions heard on April 1, Judge King does intend to hear any evidence relevant to personal jurisdiction

EXHIBIT C PAGE 60

and venue that is offered at the preliminary injunction hearing. While I understand that your position may be that evidence will not change the outcome, we believe that it will. Your clients' Rule 12(b)(3) motion is based entirely on the "first-to-file" rule. If Judge King grants our motion after hearing testimony during the hearing on the preliminary injunction, it seems evident that our litigation will be in the Southern District of California. If Judge King does not grant our motion after hearing testimony, then you may believe that your clients' position is strengthened.

My thought, as we discussed yesterday, is to stipulate to a temporary stay of the San Diego action or, perhaps, just push your May 9 hearing out far enough to allow for the hearing on the preliminary injunction to occur first. This will allow for a more efficient determination of your pending motion.

Please let me have your thoughts after you review the attached transcript and huddle with your colleagues.

Regards,


Ralph H. Blakeney
Jones Day
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 553-7552
Facsimile: (949) 553-7539
Email Address: rblakeney@jonesday.com


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

EXHIBIT C PAGE 61