```
1  Thomas R. Malcolm (State Bar No. 39248)
   trmalcolm@jonesday.com
2  John A. Vogt (State Bar No. 198677)
   javogt@jonesday.com
3  Corbett H. Williams (State Bar No. 246458)
   chwilliams@jonesday.com
4  JONES DAY
   3 Park Plaza
5  Suite 1100
   Irvine, CA  92614
6  Telephone:    (949) 851-3939
   Facsimile:    (949) 553-7539
7
   Attorneys for Plaintiffs
8  5TH AVENUE PARTNERS, LLC, STEVE REBEIL,
   AND TOM BENJAMIN
9
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 5TH AVENUE PARTNERS, LLC, a California Limited Liability Company, STEVE REBEIL, an individual, and TOM BENJAMIN, an individual,<br><br>              Plaintiffs,<br><br>     v.<br><br>THE SETAI GROUP, LLC, a New York Limited Liability Company, JONATHAN BREENE, an individual, JOHN CONROY, an individual, and DOES 1-10,<br><br>              Defendants. | Case No. 08-CV0118-BTM (BLM)<br><br>Assigned for purposes to:<br>Judge Barry Ted Moskowitz<br><br>**DECLARATION OF STEVE REBEIL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO STAY OR TRANSFER THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA** |

I, Steve Rebeil, declare and state as follows:

1.  I am currently a managing member of 5th Avenue Partners, LLC. I make this Declaration in support of the Plaintiffs' Opposition to Defendants' Motion to Dismiss the First Amended Complaint for Improper Venue or, in the Alternative, to Stay or Transfer the Case to the United States District Court for the Southern District of Florida. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would competently testify regarding such matters.

2. I am a resident of Orange County, in the State of California. My primary residence and business office are located in Newport Beach, California.

3. 5th Avenue Partners, LLC ("Fifth Avenue") is a limited liability company formed under the laws of the State of California, and has its principal place of business at 23 Corporate Plaza, Suite 242, Newport Beach, California 92663.

4. My business partner, Tom Benjamin, is a resident of Orange County, California. His primary residence and business office are located in Newport Beach, California.

5. Based on information I have obtained through dealings with the defendants in this case, it is my understanding that The Setai Group LLC is a New York limited liability company, which regularly does business in California. It is also my understanding that John Conroy is a principal and controlling member of Setai Group LLC and is a also a resident of New York. Additionally, I understand that Jonathan Breene is a also a principal and controlling member of Setai Group LLC and is a resident of Florida. To my knowledge, only one party to this lawsuit, Jonathan Breene, is a resident of the State of Florida.

6. In the Spring of 2007, I, along with my partner, Tom Benjamin, and our company, 5th Avenue Partners, LLC (collectively referred to herein as "the Fifth Avenue Partners"), were introduced to Jonathan Breene and John Conroy, the principals of The Setai Group LLC, (collectively referred to herein as "The Setai Group") to explore a possible business relationship to sell, market, develop and/or operate luxury hotels in the western United States, Hawaii and Mexico.

7. On May 23, 2007, Fifth Avenue Partners entered into a binding "Letter of Intent—Setai West" (hereinafter referred to as the "*LOI*") with The Setai Group. A copy of the *LOI* is attached as Exhibit 1. A copy of the *LOI* also is attached as Exhibit 1 to the Fifth Avenue Partners' First Amended Complaint.

8. As the *LOI* reflects, Fifth Avenue and The Setai Group entered the *LOI—Setai West* to, inter alia, sell, market, develop and/or operate luxury hotels in San Diego and elsewhere in the western United States, including California and Hawaii, as well as in Mexico. No part of the contract or business relationship concerned the State of Florida.

9. The *LOI* recognizes "that each party [Fifth Avenue and The Setai Group] has unique and specialized skills to contribute to the JV." (*See* Exhibit 1.) Under the *LOI*, Fifth Avenue was to contribute: (i) its expertise in hotel development; (ii) its ability to raise capital for the Projects; (iii) a hotel owned by Fifth Avenue in San Diego, California, known as the "Diegan," which (per the parties' contract) will be called the "Setai San Diego"; (iv) a hotel project located at 8484 Wilshire Boulevard, Beverly Hills, California, which (per the parties' contract) will be called the "Setai Beverly Hills"; and (v) a hotel project site located in San Francisco, California. (*See* Exhibit 1.) With regard to The Setai Group, the *LOI* provides, and contractually requires, The Setai Group to "contribute the Brand [defined under the contract as "Setai"] and its [claimed] expertise in design and management of luxury hotels."

10. Under the *LOI*, if The Setai Group and Fifth Avenue Partners were unable to come to an agreement on further contracts to govern our business relationship, the *LOI* "shall remain in effect" and govern our contractual relationship. (Ex. 1 at p. 1 ¶ 1(a).) Although The Setai Group agreed to all material terms of these agreements and, under the *LOI*, was required in good faith to enter these additional agreements, The Setai Group did not execute any of those other agreements.

11. By its express terms, the *LOI* provides that, upon its execution, the obligations of the parties contained in that contract "shall be binding and enforceable on them." (*See* Exhibit 1 at p. 3.) Moreover, the *LOI* expressly provides that "venue of all proceedings relating to this Letter of Intent shall be in the State of California." (*See* Exhibit 1 at p. 3.)

12. From the date the *LOI* was executed and became legally binding on May 23, 2007, through and including The Setai Group's improper repudiation of that contract in late October 2007, I, along with my partners from Fifth Avenue, among other things, have spent thousands of hours of man-hours and over $26 million of our money in reliance upon our contract with The Setai Group. At all times, The Setai Group knew (and, indeed, directed us) to spend this time and money. To date, nearly all of that time and money had been spent on developing the "Setai San Diego" hotel, which is scheduled to open on June 25, 2008. As the name suggests, the "Setai San Diego" is located in San Diego, and will be the first hotel developed under the *LOI* to open to

customers.

13. At no time during the negotiation or performance of the *LOI* did this transaction occur in, relate to, concern, or arise out of the State of Florida. The State of Florida has no connection whatsoever to this business transaction. Instead, this transaction principally concerned the State of California — including, specifically, the to-be-opened "Setai San Diego" and "Setai Beverly Hills" — which is why the *LOI* expressly provides that "venue of all proceedings relating to this Letter of Intent shall be in the State of California." (See Exhibit 1).

14. At no time during the negotiation or performance of the *LOI* did any party express the belief, orally or in writing, that the contract would expire or become void 90 days after its execution and delivery. Rather, until late October 2007, the Setai Group's actions indicated to me that it and its principals considered the contract to be in force.

15. The performance of the *LOI* has occurred exclusively in California, specifically in San Diego, with the development of the "Setai San Diego," and each of the Fifth Avenue Partners reside in Southern California and our business records are kept in California. Moreover, most of the potential witnesses are in California. This includes contractors, subcontractors, other vendors, Setai San Diego employees and others. Hence, the vast majority (if not all) of the evidence relevant to this litigation, including documents and non-party witnesses are located in San Diego and elsewhere in Southern California.

16. In September of 2007, Fifth Avenue Partners and The Setai Group hired Craig A. Waterman as the "General Manager/Managing Director for the Setai West, LLC in San Diego." A true and correct copy of that offer confirmation is attached as Exhibit 2 to this Declaration. Mr. Waterman's offer confirmation was on "The Setai Group" letterhead, and was signed by W. Ted Wright, an employee of The Setai Group and the President & CEO of Setai West, LLC. (*Id.*) Thereafter, Mr. Waterman hired: (i) Sandra Arbizu as the "Human Resource Manager" of the "Setai West Hotel Management, LLC"; and (ii) Grace Duncan as the "Director of Sales" of the "Setai West Hotel Management, LLC." True and correct copies of those offer confirmations are

attached as Exhibit 3 to this Declaration.

17. On September 10, 2007, Walid Sfeir, an employee of The Setai Group working on Setai San Diego, updated Mr. Breene, Mr. Benjamin, and Mr. Wright on hirings for Setai San Diego. A true and correct of that e-mail is attached as Exhibit 4 to this Declaration.

18. On September 18, 2007, the Rockwell Group, the designer of the Setai San Diego, sent the design renderings for Setai San Diego to The Setai Group, who then forwarded copies of those drawings to the Fifth Avenue Partners. Rockwell was paid by Fifth Avenue for those drawings.

19. On October 9, 2007, Mr. Breene notified me regarding revised "logo" designs for Setai San Diego that The Setai Group's consultant, Pace Advertising, had prepared. A true and correct copy of that e-mail is attached as Exhibit 5 to this Declaration. That same day, I discussed using various PR firms for Setai San Diego with The Setai Group. The Setai Group advised me that it wanted to make as much "no[i]se" (sic) as possible for the opening of Setai San Diego. A true and correct copy of that e-mail is attached as Exhibit 6 to this Declaration.

20. On October 10, 2007, Mr. Wright put me in touch with The Setai Group's designer of conceptual drawings for Setai San Diego. In his e-mail to "Greg" (the designer), which was copied to me, Mr. Wright advised: "Steve Rebeil, the developer of our San Diego property and a very dynamic guy is interested in learning more [about the conceptual drawing for Setai San Diego]." A true and correct copy of that e-mail is attached as Exhibit 7 to this Declaration.

21. Eight days later (on October 18, 2007), The Setai Group, through its attorney, Richard J. Burton, Esq., repudiated the *LOI* through a letter sent to me. A true and correct copy of that letter is attached as Exhibit 8 to this Declaration. Four days after that, Fifth Avenue Partners' attorneys advised The Setai Group that this repudiation was improper. A true and correct copy of that letter is attached as Exhibit 9 to this Declaration.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct, and I executed this declaration on April 23, 2008 at Newport Beach, California.

_____
Steve Rebeil