# EXHIBIT 8

# THE BURTON FIRM
ATTORNEYS AT LAW

2999 N.E. 191 Street
SUITE 805
MIAMI, FLORIDA 33180
(305) 705-0888
(305) 705-0008 fax
rb@burtons.net

VIA FAX (949-717-2806) and FEDERAL EXPRESS MAIL

October 18, 2007

Mr. Steven Rebeil
5th Ave
23 Corporate Plaza
Suite 242
Newport Beach, CA 92660

Dear Mr. Rebeil:

We have been retained by The Setai Group, LLC. We have reviewed the joint venture Letter of Intent (LOI) between The Setai Group, LLC and yourself, which was entered into for the purpose of developing several Setai condominium hotels across the Western United States, including Beverly Hills, California, San Diego, California.

It has come to our attention that prior to the execution of that agreement, certain material facts and/or events, were neither disclosed by you and/or your counsel, to the Setai Group, LLC, which would have disqualified you from entering into an agreement with the company, including:

(1)    In 1995, numerous lawsuits were filed against you and/or your associated companies for failing to pay subcontractors monies due. In fact, approximately seventy seven (77) complaints against your company were filed with the Nevada State Contractors Board.

(2)    Further, in 1995, you were sued by Bryan and Dawn Hagen, your former partners in Gem Mesquite, over a venture to develop a casino in Mesquite, Nevada. You ultimately agreed to pay the Hagen's $5.8 million dollars, not including interest;

(3)    In 1997, Nevada regulators rejected your application for a gaming license after an investigation concluded that you had orchestrated a credit "scheme" involving your Gem Home business. The Nevada regulators deemed you to "lack good character, honesty, and integrity.";

(4)    In 1997, your other casino project, The Reserve, was involved in lawsuit. In that case, you agreed to give up approximately $33 million in Ameristar Casino stock;

EXHIBIT  8  PAGE  31

(5)   In 2000, you and/or your company, 2TheMart, a publicly traded internet company, were sued by shareholders for securities fraud. Ultimately, your company collapsed as a result of the shareholder lawsuit;

(6)   Also, in 2002, you were sued by Stanley Hanson, your former partner in the House of Blues project;

(7)   Around 2004, you were sued by your former girlfriend, who is the mother of your six year old son for past due child support payment. Shortly thereafter, Orange County officials maintained that you were not in compliance with a 2004 court order, and owed more than $200,000 in back child support;

(8)   Also, in 2004, you were indicted, and subsequently convicted of willfully filing a false income tax return. This fraud conviction itself would have disqualified you from having any ownership interest in a Setai Group project in Nevada or California;

(9)   In 2005, you were sued by Larry Job, your former partner in Crossroads Retail Center, alleging that you attempted to sell the property without Mr. Job's knowledge. In that case, the Nevada Judge ordered you to turn over $150,000 you had already received. The Judge found that you failed to comply, held you in contempt of court, and issued a warrant for your arrest.

You further breached the Agreement by the unauthorized press releases announcing the terms of the letter of intent, in contravention of its expressed terms. [See para. 2(a) and 2(b)].

This past Monday, October 15, 2007 you again directly issued unauthorized Press Releases, in contravention of the explicit terms of the LOI.

It has also come to the attention of the Setai Group LLC that you have created a web site utilizing the Setai brand and mark, to publicize your San Diego hotel venture, with no prior notice nor approval, as required by the LOI, clearly show your inability to honor a contractual agreement as has been demonstrated, as set forth, above, throughout your notorious career.

The explicit terms of the "Letter of Intent", dated May 23, 2007, contemplate at least four (4) additional "Definitive Agreements" on or before August 23, 2007, which was never accomplished. Accordingly any 'rights' you have tortiously claimed, under the LOI, have long since expired.

Again, neither you and/or your counsel disclosed these events to The Setai Group, LLC prior to entering into an agreement with the company. By failing to disclose these events, you have made several misrepresentation(s) of material fact that would have disqualified you from entering into a joint venture agreement with The Setai Group. Further, due to your obvious legal troubles, and your fraudulent misrepresentation(s) to the media and on your internet unauthorized internet web site, your participation in any Setai Group, LLC project dilutes the character and quality of its trademark and good name.

2

You must cease and desist, forthwith, the use of the Setai name and mark, in the website, and in all other advertising. Your failure to do so will result in Setai Holdings LLC taking all necessary steps to protect its good name.

As a result of your material misrepresentation(s) of fact, we demand that you agree to acknowledge the expiration of the LOI, between you and The Setai Group, LLC, and Setai demands that you agree to a joint statement to the Media, withdrawing all claims as to your use of the Setai name and mark. Your failure to agree to this action within ten (10) days after receipt of this letter will compel Setai Group LLC to demand appropriate injunctive relief, and to hold you personally responsible for all appropriate damages, attorneys fees and court costs.

All further communication(s) should be directed to the undersigned at the above address and telephone number, should you have any further questions.

Very truly yours,

Richard J. Burton (sg)

Richard J. Burton, Esquire
Counsel for The Setai Group, LLC

cc: Client

3

EXHIBIT __8__ PAGE 33