GIRARDI & KEESE
THOMAS V. GIRARDI, State Bar No. 36603
tgirardi@girardikeese.com
GRAHAM B. LIPPSMITH, State Bar No. 221984
glippsmith@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
(213) 977-0211 (Telephone) - (213) 481-1554 (Facsimile)

Attorneys for Defendants THE SETAI GROUP LLC, JONATHAN BREENE and JOHN CONROY

# UNITED STATE DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 5TH AVENUE PARTNERS, LLC, STEVE REBEIL, an individual, and TOM BENJAMIN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE SETAI GROUP, LLC, JONATHAN BREENE, an individual, JOHN CONROY, an individual, and DOES 1-10,<br><br>Defendants. | Case No. 08-CV0118-BTM (BLM)<br><br>The Honorable Barry Ted Moskowitz<br><br>**REPLY IN RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO STAY CASE OR TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   May 9, 2008<br>Time:   11:00 a.m.<br>Dept.:   15<br><br>**No oral argument unless requested by Court** |

0

**REPLY IN RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY CASE OR TRANSFER CASE TO SOUTHERN DISTRICT OF FLORIDA**

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE COURT SHOULD DISMISS OR TRANSFER THIS CASE BECAUSE THE SOUTHERN DISTRICT OF FLORIDA COURT DENIED 5th AVE.'S MOTION TO DISMISS THE FLORIDA CASE

At the time the Setai Group, LLC, Jonathan Breene and John Conroy (collectively, "SETAI") filed their motion to dismiss, the Court in the Southern District of Florida had not yet ruled on 5th Avenue Partners, LLC, Steve Rebeil and Tom Benjamin (collectively "5th AVE") motion to dismiss *Setai Group, LLC* v. *5th Avenue Partners, LLC,* Case No. 07-22948-CIV-KING/GARBER in the Southern District of Florida ("Florida Case") filed on November 14, 2007. However, on April 1, 2008, the Southern District of Florida denied 5TH AVE's motion to dismiss, finding as follows:

- "The Court finds that there are sufficient minimum contacts established to satisfy the low *[sic]* arm statutes of Florida pursuant to F.S. 48. 193(1)(b)(g)" and

- "The Court finds that it has Personal Jurisdiction and that Venue is proper."

Supplemental Declaration of Graham B. LippSmith in Support of Motion to Dismiss, Exhibits 1-2.

Since the Southern District of Florida has found that personal jurisdiction and venue are proper over the Florida Case that SETAI filed first on November 14, 2007—months before 5TH AVE filed this overlapping case—this Court should dismiss the California Case or, in the alternative, transfer the California Case to the Southern District of Florida under the "well-established" first-filed rule. *United States Fire Ins. Co.* v. *Goodyear Tire & Rubber Co.,* 920 F.2d 487, 488 (8th Cir. 1990); *Apollo Enter. Solutions, LLC* v. *Debt Resolve, Inc.,* 2007 U.S. Dist. LEXIS 42910, *3-4 (C.D. Cal. 2007).

In complete denial of the Florida District Court's ruling that jurisdiction and venue is proper in the Southern District of Florida, 5th AVE hopes to avoid the first-to-file doctrine by taking the far-fetched position that the Florida District Court has not yet ruled on the

1

**REPLY IN RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY CASE OR TRANSFER CASE TO SOUTHERN DISTRICT OF FLORIDA**

issue of whether the Southern District of Florida has jurisdiction or venue over the parties subject to this lawsuit. Essentially, 5th AVE is asking this Court to not apply the well established "first-to-file" doctrine *just-in-case* (1) the Florida District Court allows 5th AVE to present its second bite of the apple argument on this now moot issue; and (2) the Florida District Court subsequently decides to reverse its own ruling on the issue and determine that jurisdiction and/or venue is no longer proper in the Southern District of Florida. However, 5th AVE's argument is contrary to the Southern District of Florida's decisions for the following reasons:

      1. The Florida District Court's Order denying 5th AVE's Motion to Dismiss for Lack of Jurisdiction and Improper Venue did not deny 5th AVE's Motion *without prejudice* to revisit the issue of whether the Southern District of Florida has jurisdiction and venue over the parties' dispute;

      2. The Florida District Court's Civil Minutes for the April 1, 2008 hearing on 5th AVE's Motion to Dismiss for Lack of Jurisdiction and Improper Venue did not state that the Court was denying 5th AVE's Motion *without prejudice* to revisit the issue of whether the Southern District of Florida has jurisdiction and venue over the parties' dispute;

      3. 5th AVE failed to move the Florida District Court pursuant to the Federal Rules of Civil Procedure for clarification of the Florida District Court's Order Denying 5th AVE's Motion to Dismiss for Lack of Jurisdiction and Improper Venue, specifically as to the issue of whether 5th AVE's Motion to Dismiss was denied without prejudice; and

      4. 5th AVE failed to file a motion in the Florida District Court pursuant to the Federal Rules of Civil Procedure for reconsideration of the Florida District Court's Order Denying 5th AVE's Motion to Dismiss for Lack of Jurisdiction and Improper Venue, specifically on the issue/argument by 5th AVE that the Florida District Court ruled on 5th AVE's motion to dismiss without considering "evidence."

   5th AVE's failure to move the Florida District Court on these issues was not an oversight on their part. At the April 1, 2008 hearing on 5thAVE's Motion to Dismiss for Lack of Jurisdiction and Improper Venue, the Southern District Court of Florida found and

subsequently ruled that the Southern District of Florida has jurisdiction and venue over the parties and claims subject to the Florida District Court case. Because the California Case and Florida Case have are essentially the mirror image of one another and nearly all of the issues overlap, the Court should apply the first-to-file doctrine and dismiss this later-filed case.

## II. THE FORUM SELECTION PROVISION IS UNENFORCEABLE AND THE COURT SHOULD APPLY THE FIRST-TO-FILE DOCTRINE TO DISMISS OR TRANSFER THIS CASE TO FLORIDA

In opposition to SETAI'S Motion to Dismiss, 5th AVE attempts to avoid this Court's application of the "first-to-file" doctrine by arguing that this Court should ignore judicial economy and the potential for conflicting judgments because SETAI allegedly ignored the forum selection provision of a May 23, 2007 letter of intent ["LOI"] between the parties.

As the Florida Court already decided, the forum selection provision contained within the May 23, 2008 LOI is unenforceable and inapplicable by its own terms. As such, this Court should dismiss the California Case or, in the alternative, transfer the California Case to the Southern District of Florida under the "well-established" first-filed rule. *United States Fire Ins. Co.* v. *Goodyear Tire & Rubber Co.,* 920 F.2d 487, 488(8th Cir. 1990); *Apollo Enter. Solutions, LLC* v. *Debt Resolve, Inc.,* 2007 U.S. Dist. LEXIS 42910, *3-4 (C.D. Cal. 2007).

### A.    The Forum Selection Clause of the LOI is UNENFORCEABLE

The forum selection provision contained within the May 23, 2008 LOI is unenforceable and inapplicable by the parties' agreed upon terms. The forum selection clause in the LOI executed by the parties terminated by its own terms after the 90 day period for negotiation of definitive agreements expired. Although other clauses in the LOI specifically survived the period of the LOI, the forum selection clause did not.

In opposition to SETAI'S Motion to Dismiss, 5th AVE attempts to rely on a forum selection clause within the LOI executed by the parties on May 23, 2007. April 23, 2008 Rebeil Dec. in Support of Opposition to Motion to Dismiss ("Rebeil Dec.), Exhibit 1. 5th AVE's reliance on the venue selection clause reflects a misreading of the LOI.

The LOI consisted of six paragraphs and incorporated a Term Sheet attached thereto. Paragraph 1 of the LOI provided that it was binding until the execution and delivery of certain agreements, including a joint venture agreement. *Id.* at Exhibit 1 pp. 7-8. This paragraph further provided a "negotiation period" commencing on the date the LOI was executed by SETAI "and expiring ninety (90) days thereafter." This 90 day period expired on August 21, 2007. *Id.* Paragraphs 2-4 of the LOI specifically provided for and stated that those paragraphs "shall survive the termination of this Letter of Intent." *Id.* at Exhibit 1 pp. 8-9.

Paragraph 5 of the LOI contained the forum selection clause at issue (as well as a choice of law clause). *Id.* at Exhibit 1 p. 9. Significantly, it did not contain a provision like those in paragraphs 2, 3, and 4 stating that it survived the termination of the LOI. Thus, the venue selection clause did not survive the termination of the LOI. The LOI expired or terminated after 90 days except for those provisions set forth above which explicitly stated that they do survive its termination.

Moreover, paragraph 20 of the Term Sheet provided that the parties were to agree to governing law, jurisdiction for disputes and venue "during the Negotiation Period." *Id.* at Exhibit 1 page 17. It is undisputed that the parties never entered into an agreement during the Negotiation Period. Thus, apart from the fact that the venue selection clause in the LOI expired, no agreement was reached as to venue in any definitive agreement. Accordingly, there is no venue selection clause in effect now or at the time the Florida or California cases were filed.

To avoid the conclusion that the venue selection clause has expired and that this case should be dismissed or transferred to the Florida case, the 5th Avenue Defendants seek to rely on three cases which they claim establish that venue selection clauses are enforceable

after the agreements containing such clauses are terminated or expired. Those cases are easily distinguishable from this case. Each case is addressed and distinguished below:

*Lumascape USA, Inc. v. Vertex Lighting, Inc.*, 2006 WL 825411 (N.D. Cal. March 29, 2006) : The parties of that lawsuit had a binding contract [not a letter of intent] that contained a forum selection clause that did not expire on its own terms after 90 days. The issue before the Court was whether plaintiff's claims were related to the interpretation/purpose of the contract and if they were, the forum selection clause therefore governed the parties' dispute. The Court ultimately found that the claims were relevant to the contract and therefore applied the forum selection clause. In this matter, the issue is not whether the parties' dispute falls within the subject matter of the LOI [it does], the issue before this Court is whether the parties can enforce a forum selection clause that the parties specifically intended to expire after 90-days if they couldn't agree on a venue if a dispute arose between them. Because the contract in *Lumascape* did not contain a forum selection clause that by its terms expired after a 90-day negotiation period if the parties could not agree on a mutually agreeable venue, the *Lumascape* case is inapplicable.

*Omron Healthcare, Inc. v. Maclaren Exports Ltd.*, 28 F.3d 600 (7th Cir. 1994)*:* The parties of that lawsuit were subject to a forum selection clause within a distribution agreement [a contract – not a LOI] which provided that England would govern any claim arising from the distribution agreement at issue. The issue before that Court was whether the claims asserted in the case arose from the subject matter of the distribution agreement, and if so, the forum selection clause would apply and the case would be transferred to England. Like in the *Lumascape* case, the Court found that the dispute between the parties arose from the distribution agreement and therefore transferred the case to England. Like in the *Lumascape* distinction above, here the issue is not whether the parties' dispute falls within the subject matter of the LOI [it does], the issue before this Court is whether the parties can enforce a forum selection clause that the parties specifically intended to expire after 90-days if they couldn't agree on a venue if a dispute arose between them. Because the contracts in *Lumascape & Omron Healthcare* did not contain a forum selection clause

that by its terms expired after a 90-day negotiation period if the parties could not agree on a mutually agreeable venue, they are inapplicable in this case.

*Nolde Bros., Inc. v. Local 358, Bakery & Confectionery Workers*, 430 U.S. 243 (1977): The parties of that lawsuit were subject to a contract that required the parties to arbitrate any grievances. One party declined to arbitrate, arguing that it was not obligated because the contract had been terminated. The issue before the Court was whether the parties' obligation to arbitrate survived the termination of the contract. The Court held that absent any proof that the parties did not intend their arbitration obligation to end with the termination of the contract, the parties were obligated to arbitrate post-termination of the contract. For a host of reasons, the *Nolde Bros* case is inapplicable and if it were applied, the holding would actually favor SETAI – not 5th AVE. In addition to the fact that the case did not involve a forum selection clause, but an arbitration clause, the contract did not contain a clause that by its terms expired after the 90-day negotiation period if the parties could not agree on a mutually agreeable venue. This case does. Moreover, the *Nolde Bros* Court specifically found that the arbitration provision was applicable and enforceable because the parties did <u>not</u> intend their arbitration obligation to end with the termination of the contract. Here, that was exactly what SETAI and 5th AVE intended. The LOI and the attached term sheet specifically stated that the forum selection provision would <u>NOT</u> survive the 90-day negotiation period if the parties did not reach an agreement as to what venue to litigate in within the 90-day period. No agreement was reached and therefore the forum selection clause cannot be enforced. The *Nolde Bros* case supports SETAI'S argument on this issue.

The Florida District Court was not persuaded by 5th AVE's contention that the forum selection clause required this action to be litigated in California and therefore found that venue was proper in the Southern District of Florida – not California. Nothing has changed that would cause this Court to find differently. As such, this Court should therefore hold that the forum selection clause of the LOI is unenforceable and that the "first-to-file" doctrine requires the dismissal or transfer of this Case to the Southern District of Florida.

## B.     The "First-to-File" Doctrine Requires Dismissal or Transfer of This Case

SETAI was the first to file a lawsuit against 5th AVE in the United States District Court for the Southern District of Florida. 5TH AVE later filed this mirror image case here in the Southern District of California concerning both parties and issues that overlap with the parties and issues in the Florida case—this is primarily because the two cases concern the same series of transactions and are simply mirror images of one another. Just as the Ninth Circuit, District Courts of California and numerous other Circuits have done for decades, this Court should apply the first-filed rule to dismiss the California Case or, in the alternative, transfer the California Case to the Southern District of Florida. *Cedars-Sinai Medical Center v. Shalala,* 125 F.3d 765, 768-769 (9th Cir. 1997) (finding that under "first to file" rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss second case in interest of efficiency and judicial economy); FRCP Rule 12(b)(3); 28 U.S.C. §§ 1404(a) & 1406(a).

Setai Group, LLC, 5th Avenue Partners, LLC, Steven Rebeil and Tom Benjamin are named defendants in the Florida Case and named plaintiffs in the California Case. At the heart of both lawsuits are—at a minimum—the parties' negotiations, obligations, performance, responsibilities and liabilities under the terms of the May 23, 2007 LOI that SETAI and 5TH AVE executed to provide for a 90-day period to negotiate definitive agreements, including joint venture, branding, hotel management and other agreements to develop luxury hotels within United States. Both the Florida Case and California Case complaints include mirror image causes of action for: (1) Breach of the LOI; (2) Declaratory Relief as to the LOI; and (3) and Injunctive Relief. The claims that differ in each of the two cases fundamentally revolve around SETAI and 5TH AVE's business dealings leading to and after entering into the LOI.

Here, 5TH AVE cannot dispute that the Florida Case is the first-filed case, nor can 5TH AVE contest that the Florida Case overlaps in both parties and issues with this mirror image

California Case. Because the Florida Case and California Case are "two actions involving overlapping issues and parties . . . pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Accordingly, this Court should dismiss the California Case or, in the alternative, transfer the California Case to the Southern District of Florida under the "well-established" first-filed rule. *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990).

### III. CONCLUSION

Based upon the foregoing, SETAI respectfully request that this Court apply the first-filed rule to dismiss the California Case or, in the alternative, transfer the California Case to the Southern District of Florida.

DATED: May 2, 2008                                    GIRARDI | KEESE

                                                      By:   s/ Graham B. LippSmith
                                                            THOMAS V. GIRARDI
                                                            GRAHAM B. LIPPSMITH
                                                            Attorneys for Defendants

REPLY IN RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY CASE OR TRANSFER CASE TO SOUTHERN DISTRICT OF FLORIDA